Chesbrough agt. The New-York & Erie Railroad Co.

---

## SUPREME COURT.

LEWIS R. CHESBROUGH agt. THE NEW-YORK & ERIE RAIL-ROAD COMPANY.

Where an *agreement* to enter into a *contract* is fulfilled, by the parties entering into the contract in pursuance of the agreement, and the contract is expressly taken in lieu of the agreement, the *agreement* cannot be made the *basis of an action* with the contract, on the ground that several months having elapsed between the agreement and the contract, important rights may have intervened, where the complaint does not *aver what those rights are.* In the absence of such averments, the agreement will be stricken out, on motion, as *irrelevant* and *redundant.*

Causes of action which are stated in this manner: that he, (the plaintiff,) at their (the defendants') request, rendered to defendants other services, as agent, for which he is entitled to have, as a fair reward, fifty dollars: also, for work, labor and services done, and materials furnished by plaintiff for defendants, are *insufficient.*

That is, they are insufficient as being *indefinite* and *uncertain:* not that the

facts, if properly stated, are insufficient in themselves to constitute a cause of action.   If objection to the latter is made, it must be by *demurrer*, not by motion to strike out, or to render more definite and certain.

The case of *Allen* agt. *Patterson*, (3 *Seld.* 476,) considered.   On the subject of the standard of *definiteness* and *certainty* in pleading, *held*, that that case decides nothing; and on the subject of the *sufficiency* of a pleading in matter of *substance*, which is the only question raised, it decides nothing new in principle.

*New-York Special Term, Feb.*, 1857.

THIS is a motion, under §.160 of the Code, to strike out from a complaint, as irrelevant and redundant, certain parts of it, and also as to certain other parts of it, that they be made definite and certain.

> EATON & DAVIS, *for motion.*
> TRACY, WAIT & OLMSTED, *opposed.*

PEABODY, Justice.   The plaintiff, in his complaint, alleges that on the 8th of May, 1841, an agreement was made between him and his associates, on one side, and the defendants on the other side, which was reduced to writing and signed; and which provides, in substance, that a contract, to the effect therein particularly stated, shall be entered into between the parties thereto, "as soon as the same, together with the requisite plans and specifications, can be prepared," for constructing about fifty miles of defendants' road.   A copy of this paper, commencing, "Memorandum of agreement," &c., is set forth in the complaint, and states, with some precision, what the tenor of the contract therein provided for shall be.

After setting forth this "memorandum of agreement," the complaint proceeds to state, that said agreement "was afterwards modified, amended and enlarged by the parties," *and in lieu thereof* "a final contract," under the same date, and ratified and approved by the defendants on the 19th of February, 1842, was executed by the parties; of which last-mentioned contract a copy is then set forth in the complaint.

It is admitted that the last contract covers all the ground covered by the first, and no objection is made that it is imperfect, or fails fully to express the intent of the parties.

Chesbrough agt. The New-York & Erie Railroad Co

The first of these the defendants move to strike out, as irrelevant and redundant.

At first view, it seems to be pretty clear, that an agreement to enter into a contract is fulfilled when the contract pursuant to the terms of the agreement has been entered into by the parties, and that being *functus officio* it cannot be the basis of an action. The pleading expressly states that the latter or final contract was entered into, and that it was "in lieu" of the former. If so, it supersedes it, and the rights of the parties under the former have been terminated by virtue of this substitution of the second in the place of it. But it is argued that the earlier one having preceded the later by some months, rights may have arisen under it which can only be enforced by proceeding on that, and that the final contract, although intended by the parties to cover all the ground covered by the first, may not be as full and comprehensive in all respects, and that the court, on this motion at all events, will not decide that the plaintiff can have no rights under the first, which he has not, to the same extent, and capable of being enforced in a manner equally beneficial under the second.

Perhaps it would not so decide if the pleadings contained any suggestions of that kind, or were framed with reference to such a use of the original agreement. If, for instance, the first agreement were set forth as the basis of an action, and the second one were set out as another ground of action, and breaches of the former as well as the latter were alleged, so that the plaintiff, on the trial, could, under some conceivable state of circumstances, avail himself of the earlier contract; but in this complaint the second is expressly averred to have been given "in lieu" of the first, and this statement, so far from suggesting such a contingency, and a resort to the earlier contract in case it should arise, or even leaving the plaintiff at liberty to make such a use of it, seems expressly to exclude it, and by declaring that the later was given "in lieu" of the earlier—that is, in place, room, or stead of it; in effect, declares that the earlier one has been removed from the place it occupied between the parties, and the later one installed therein.

If, as is averred, the final contract is given in lieu, or in place of the earlier one, it must supersede and displace it; and unless in some respect it fails of this end, (which we are forbidden by the averments in this pleading, from presuming,) and thus fails to answer the purpose for which it was intended, the instrument thus supplanted is dispensed with, and is not available to the plaintiff as the basis of an action, for it is not a subsisting contract between the parties. The pleading, therefore, shows that the earlier contract does not, and cannot form the basis of this action, or of any claim asserted in it; and as it is not otherwise relevant, as the pleading now stands, the motion to strike it out must be granted. The plaintiff is at liberty, however, to amend his pleading, with a view to retaining this part of it, if he be so advised.

The causes of action stated in folios 116 and 117 of the complaint, are not stated with sufficient definiteness and certainty. It is sometimes said, that the provisions of the Code have been repealed by judicial decisions, which have, in effect, reinstated the common counts as used under our former system of pleading; but I think that no mode of pleading has been sanctioned as vague and indefinite as is adopted here.

At folio 116 plaintiff says that he, at their request, rendered to defendants other services, as agent, for which he is entitled to have, as a fair reward, fifty dollars: and at folio 117, in similar terms, he counts for work, labor and services done, and material furnished by plaintiff for defendant. I think there is no authority for such indefiniteness and uncertainty in pleading as this. As to the first of these causes of action, no date is given. The nature of the services is not stated. The subject of the services, the place where, and the subject matter on or respecting which they were rendered, are not, nor is either of them, stated—and without some of these the defendant is not sufficiently notified of the nature of the claim to enable him either to answer or prepare for the trial intelligently. I do not say that the omission of each of these is in itself conclusive against the sufficiency of the pleading; on the contrary, some of them might, perhaps, be dispensed with, or stated generally, and still

Chesbrough agt. The New-York & Erie Railroad Co.

leave the pleading sufficient, if the others were stated. The services might, perhaps, be sufficiently designated to inform the defendant of the cause of action without a statement of all their particulars, but some of them certainly should be given. Some description or designation of the services for which compensation is claimed, the defendant certainly has a right to demand. As it now stands, any kind of services as agent, respecting any subject matter, at any past time, at any place, comes within the allegation, so general and indefinite is the language of the complaint, and may be proved under it.

The fifth cause of action, at folio 117, is stated, if possible, even more vaguely, than the one last referred to. In this the claim is for work, labor and materials furnished; and it does not even designate the character of either at all, in any one respect—not even as far as the last, in which plaintiff does say that the services therein mentioned were rendered as agent.

The sixth cause of action is stated to be for money "expended in the payment of fees and charges of the sheriff," $535, " on or about the 1st of January, 1843." What fees and charges of the sheriff? Fees and charges of what sheriff? For what services of the sheriff? In what business? Where rendered? When rendered? To what sheriff paid?

In the absence of all information on these points, the defendant can ascertain what may be intended by searching through all past time for all fees and charges of any and all sheriffs, and if he find a payment made, or a debt of the kind which may have been paid by plaintiff, on or about the 1st of January, 1843,—(this date of the payment being the only matter of description vouchsafed to him,)—he will find a payment which may be the one intended; and the plaintiff, on the trial, under this pleading, would only be limited to the same ample boundaries in his proofs. This, although less objectionable than the statement of the two preceding causes, is, nevertheless, by no means definite or certain, and should be reformed.

As to these, the complaint should be made more definite and certain.

And now what is the case at whose door all the sins of loose

pleading of this kind are laid, as being authorized by it? It is *Allen* agt. *Patterson*, (3 *Seld.* 476.) That action was for goods sold and delivered—the sum being due on account. The complaint, besides the fact of sale, states, first the place of the sale and delivery—"the city of Buffalo in said county of Erie:" second, the date of it—"the first day of May, 1849:" third, the parties to it—"by the plaintiff to the defendant:" fourth, the amount of it—"$371.01:" and that said sum was then due, that is, that the terms of credit had expired. The items of the account are not given, and the Code expressly provides that they need not be given in a pleading.

These are all the material facts necessary to be proved under any system of pleading of which we have had any practical knowledge, and these all appear fully in the complaint in this much-abused case. It is true, that they are not stated in the manner and style which might best accord with the taste of a fastidious pleader under our Code; but they are intelligently and fully stated, nevertheless, and plainly appear in the complaint. The pleading would have been more complete, if it had stated whether the price claimed was fixed by contract between the parties, or, in the absence of a contract, was claimed as the value of the goods. This is done in effect, however; for no contract as to the price is alleged, and the claim of that sum as the price or sum due for them, without stating that there was a contract for it, is, in effect, claiming it as the value, and not as the contract price of them.

The objection in that case, moreover, is taken by demurrer, and the ground stated is, that the complaint does not state facts sufficient to constitute a cause of action.

Defects of pleading, like those urged on this motion, are not properly grounds of demurrer, even where they plainly appear; and the decision in that case, that the pleading was good on that demurrer, by no means establishes its completeness, tested by a motion of this kind.

Mere indefiniteness and uncertainty are never proper grounds of demurrer under our rules of pleading, and especially are they not grounds for one like this, in its nature a general demurrer.

Chesbrough agt. The New-York & Erie Railroad Co.

A pleading may state facts sufficient to constitute a cause of action, and still these facts may be stated in a manner very unsatisfactory, and not definite or certain.

The mode adopted in this case, indeed, might very possibly be held sufficient on a general demurrer, where the question would be, whether the facts stated were in themselves sufficient to constitute a cause of action, and not whether they were stated with sufficient definiteness and 'certainty to satisfy the requirements of our system of pleading, as to manner and fullness of statement.

The motion relates to the mode of stating the facts—the demurrer to the sufficiency of facts stated. Each remedy has its peculiar duties and functions, and each is proper only in its own place, and cannot properly take the place of the other.

That case, therefore, does not decide that the pleading then examined is sufficiently definite and certain; and if it did, it would still fall far short of what is constantly imputed to it as authorizing laxity and vagueness; for that pleading, compared with those it is invoked as authority to sustain, is both definite and certain.

The form of statement is, to be sure, somewhat like that once used in what were called the common counts, but the facts stated are much more full. On the subject of the standard of definiteness and certainty required in pleading, that case decides nothing; and on the subject of the sufficiency of a pleading in matter of substance, which is the only question raised there, it decides nothing new in principle.