### Titlow et ux. *v.* Hubbard.

PROMISSORY NOTE.—*Reference to Conditions of Another Writing.—Complaint.
—Copy.*—A promissory note upon which suit was brought, and which was alleged in the complaint to be due and unpaid, contained a stipulation that it was "subject to certain conditions contained in a written agreement ' between the parties, bearing the same date as the note.

*Held*, on demurrer, that such agreement ought to have been made part of the complaint by copy.

*Held*, also, the complaint containing no averment concerning such agreement or its conditions, that it is insufficient.

From the Carroll Circuit Court.

*J. Applegate*, for appellants.

NIBLACK, J.—Erastus W. Hubbard brought this action against Aaron Titlow and Sophia J. Titlow, his wife, to foreclose a mortgage on certain real estate.

The complaint averred, that the said Aaron Titlow, on the 20th day of April, 1871, executed to the said Hubbard his promissory note for the sum of two thousand five hundred dollars, payable on or before the 20th day of April, 1875, with ten per cent. interest, to be paid annually, and reasonable attorney's fees, and without relief from valuation laws; and that, to secure the payment of said promissory note, the defendants executed, on the same day, a mortgage on certain real estate, specifically described in said mortgage, copies of which said note and mortgage were filed with the complaint.

The complaint also averred that said note was due and remained unpaid.

Wherefore judgment was demanded against the said Aaron Titlow, upon said note, and against both of the defendants, for the foreclosure of said mortgage.

Aaron Titlow demurred to the complaint, for want of sufficient facts, but his demurrer was overruled. Sophia J. Titlow made default.

The court trying the cause made a finding for an amount as due upon the note for principal, interest and attorney's fees, and rendered judgment for said amount against the said Aaron Titlow, and against both the defendants, for a foreclosure of the mortgage.

Upon the assignment of errors upon the record, the first question which arises, in its natural order, is that of the sufficiency of the complaint.

The copy of the note, filed with the complaint, was as follows:

"$2,500.                    DELPHI, APRIL 20th, 1871.

"On or before the 20th day of April, 1875, I promise to pay E. W. Hubbard or order the sum of twenty-five hundred dollars, with ten per cent. interest, payable annually, and attorney's fees if prosecuted for collection thereof, waiving valuation laws in the collection thereof, subject to cer-

tain conditions contained in a written agreement of this date between parties hereto.                    A. TITLOW."

This note, as it is called, shows upon its face that it was but one of two instruments in writing, which together constituted one entire agreement between the parties concerning the payment of the money to which it relates. The plain inference, from its language, is, that this other agreement in writing between the parties, to which it refers, constituted as much a portion of the foundation of the action as did the note itself. This other agreement in writing, or a copy of it, ought, therefore, also to have been filed with the complaint. 2 R. S. 1876, p. 73, sec. 78; also note 1 on the same page; *Stafford* v. *Davidson*, 47 Ind. 319.

It is an essential requisite of a promissory note that there must be certainty as to the fact of payment. It must be payable at all events; and not dependent upon a condition or contingency. Chitty Bills, 134; 1 Parsons Notes & Bills, 42.

The obligation, therefore, above set out, is not technically a promissory note, but an agreement, in writing, to pay money, subject to certain conditions which are not contained in the instrument itself, and which are not disclosed by any averment of the complaint.

Such an instrument, standing by itself and unaided by suitable explanatory averments, did not, we think, constitute a sufficient foundation for an action. It was, by its terms, too indefinite and uncertain to authorize a demand of judgment upon it.

In any view which we are able to take of the complaint, it appears to us to have been bad upon demurrer.

As the judgment will have to be reversed, for want of a sufficient complaint, it is unnecessary for us to review any of the proceedings subsequent to the overruling of the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.