No. 9662.

McFADDEN *v.* THE STATE, EX REL. DYKINS, AUDITOR.

MORTGAGE.—*Promissory Note Annexed.—Evidence.*—A mortgage executed to secure a note attached to it is binding though the note is not signed; and there is no error in allowing the note to be read in evidence, it being a part of the mortgage.

From the Scott Circuit Court.

McFadden *v.* The State, *ex rel.* Dykins, Auditor.

*W. K. Marshall* and *W. Trulock,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

BEST, C.—This action was brought by the State, on the relation of the auditor of Clark county, to foreclose a mortgage executed by Barney Miller and his wife, against the appellant as a subsequent purchaser with notice.

The mortgage was dated the 3d day of January, 1856 ; was for $194, payable five years from date, with seven per cent. interest, and was in the identical form prescribed by the statute—1 R. S. 1876, p. 800—except that the fund was not described, and the note annexed was not signed at the bottom by Miller.

Issues were formed, trial had, finding made, and, over a motion for a new trial, judgment was rendered for the appellee.

The error assigned is that the court erred in overruling the motion for a new trial. The only reason embraced in the motion and mentioned in the brief of appellant is, that the court erred in permitting the note annexed to the mortgage to be read in evidence, " because the note was not signed by any person."

There was no error in this ruling. The mortgage provided that the sum secured by it was payable " according to the conditions of the note hereto annexed," and this note was annexed to the mortgage. Its blanks were filled, showing when interest commenced and when the sum secured by the mortgage matured, and it was, by the terms of the mortgage, a part of it. *Titlow* v. *Hubbard,* 63 Ind. 6.

Being a part of the mortgage, the appellee was entitled to read it in evidence, though it was not signed by Miller. The signature of Miller to the note would have rendered him personally liable for the debt, but the want of it in no manner impaired the validity of the mortgage, nor did it furnish any obstacle to its foreclosure. As the note was a part of the mortgage, it was immaterial whether it was written in the body of the mortgage, or below the signatures of the mortgagors,

as in either case the execution of the mortgage would render the stipulations of the note binding.

Several reasons are urged why the finding is not supported by sufficient evidence, but, as a new trial was not asked for such reason, we can not consider them.   There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at appellant's costs.