Filed April 23, 1885.

———————————

No. 11,380.

## POTTS v. HARTMAN.

PLEADING.—*Purpose of.*—The object of pleading is to bring the parties to an issue on the precise matters in dispute, by a presentation of the grounds of claim on the one side, and of defence on the other.

SAME.—*Complaint.*—*Modified Contract.*—Where suit is brought on a contract which has been modified, the complaint must be based on the contract as modified, and if defective in this respect, it can not be cured by the averments of a reply to an answer.

SAME.—*Contract in Parts.*—*Exhibits.*—Where an action is on a contract in writing, consisting of separate parts, all the parts or copies of all must be filed with the complaint.

SAME.—*Harmless Error.*—Where a complaint is essentially defective, the plaintiff can not be heard to complain that a demurrer to an answer to it has been erroneously overruled, for he is not substantially injured by such an error.

From the Marion Superior Court.

*J. L. Griffiths, A. F. Potts, W. W. Herod* and *F. Winter*, for appellant.

*F. Rand* and *J. M. Winters*, for appellee.

NIBLACK, J.—On the 29th day of July, 1875, Mrs. Mary A. Potts entered into a written contract with Jacob H. Mc-

Clure and George H. McClure for the erection for her of a
double frame dwelling-house in the city of Indianapolis, at
a cost of $3,800, to be completed according to certain speci-
fications, and delivered to her on or before the 9th day of
October in the same year.  Eight hundred dollars were to be
paid when the joists of the first story were up ; one thousand
dollars when the joists of the second story were up; one
thousand dollars more when the roof should be put on ; five
hundred dollars when the plastering was finished, and the rest
when the building might be completed.    The contract con-
tained many minute and distinct provisions, one of which was
that the work was to be done under the supervision of an
architect.    Another was that should Mrs. Potts, at any time,
as the work on the building progressed, request any altera-
tions, deviations or omissions from, or additions to, the con-
tract, she should be at liberty to have the same made, and
such alterations, deviations, omissions or additions were in
no way to affect, or make void, the contract between the par-
ties, but the amount of any such changes was to be added to
or deducted from the contract price, as the case might be, ac-
cording to a fair and reasonable valuation to be made by the
architect.

On the day of, and concurrently with, the making of this
contract, the McClures executed to Mrs. Potts a bond, in the
penal sum of $3,800, with Matthew Hartman as their surety,
conditioned that they would construct and complete the pro-
posed dwelling-house within the time, and in the manner spec-
ified, and deliver the same to her, free from any and all liens
in favor of laborers or material men.    Mrs. Potts afterwards
requested that certain additions should be made to the build-
ing, upon which valuations were placed by the architect.

The building not having been completed within the time
prescribed, disagreements between the parties having inter-
vened, and difficulties having occurred concerning payments
for labor performed upon, and materials furnished for, the
building, Mrs. Potts and the McClures, on the 29th day of

October, 1875, entered into an additional, or supplemental, contract in writing, as follows:

"Articles of agreement made and entered into (this) 29th day of October, 1875, by and between Mrs. M. A. Potts, of the city of Indianapolis, of the first part, and J. H. McClure and G. H. McClure, of said city, parties of the second part. Witnesseth, That the said party of the first part do hereby covenant, promise and agree to pay, or cause to be paid, the workmen doing work on new frame dwelling belonging to the party of the first part, said workmen being employed by said parties of the second part, every Saturday, upon the presentation of a bill by the parties of the second part to the party of the first part, stating that the said workmen have been doing work either at the said house or have been doing work for the said house at the work-shops of the said parties of the second part, and approved by Ralph Merriman, architect and superintendent of said house. And it is further agreed that the said party of the first part shall pay, or cause to be paid, any and all bills of the different parties, employed by said parties of the second part, to do necessary work for completion of said house, approved both by parties of (the) second part and Ralph Merriman, architect, stating that the work mentioned in said bills has been duly performed by the parties presenting them, and that said bills have not already been paid for. * * * * The said above sums are to be deducted from the price of the building yet due and unpaid."

Mrs. Potts, in 1877, commenced this action against the McClures and Hartman, upon the bond executed by them to her, alleging the failure of the McClures, in several specified respects, to complete the building according to the terms of their original contract, and their allowance of divers liens to accrue against the building in favor of workmen and material men, which she had been compelled to pay. Hartman, severing in his defence, answered separately in eight paragraphs.

The eighth paragraph set up the execution of the additional, or supplemental, contract entered into by the plaintiff and the McClures on the 29th day of October, 1875, herein above set out; averred that Hartman was only surety for the McClures, which the plaintiff well knew; that the additional, ·or supplemental, contract had relation to the same house which the original contract provided for the erection of; that he, .Hartman, did not sign said additional, or supplemental, con-·tract, or in any way join in the execution thereof, nor did he :at any time consent in writing to the same, or that it might be made, or that he would be bound thereby.

A demurrer to this paragraph of answer being first over-ruled, the plaintiff replied that just before the execution of the additional; or supplemental, contract referred to, the plain-·tiff ascertained that the McClures had not paid certain large .debts contracted by them for work done upon, and materials furnished for, her house which they were then engaged in ·building, for which debts liens were liable to accrue against ·the house; that the plaintiff thereupon declined to make any further payments to the McClures on account of their contract for the erection of the house; that in consequence the McClures were unable to proceed further with their contract, ·or to pay the workmen employed by them to work on the house, whereby Hartman was likely to become liable to the plaintiff for heavy damages; that in this condition of affairs Hartman represented to the plaintiff that if she would enter into the additional, or supplemental, contract in question, it would enable the McClures to go on and complete the building without loss to her or to him, and specially requested her, the plaintiff, to enter into such new contract with the Mc-Clures; that the plaintiff did thereupon, at the said special request of Hartman and with his knowledge and consent, enter into said new contract with the McClures, which she would not otherwise have done.

A demurrer was sustained at special term to this paragraph of reply, and the plaintiff declining to reply further, final

judgment upon demurrer was rendered against her in favor of Hartman, and this judgment was afterwards affirmed at general term.

It is claimed here that the court below erred : *First.* In overruling the demurrer to the eighth paragraph of Hartman's answer. *Secondly.* In sustaining the demurrer to the reply to that paragraph of answer.

Other questions were reserved below, but none other have been discussed in argument in this court.

As preliminary, however, to what seems to have been considered by the parties in the court below, as well as in argument here, as the principal question in the cause, it is insisted by counsel for Hartman that Mrs. Potts was not injured by the ruling upon the paragraph of answer referred to, and hence is not now in a position to complain of that ruling.

The object of pleading is to require the grounds of claim to be presented on the one side and of defence on the other, and in this way to bring the parties to an issue upon the precise matters in dispute between them. In a suit upon a contract which has been modified, the complaint must be based upon the contract as modified. A complaint defective in that respect can not be cured by the averments of a reply to an answer to such complaint. Moak's Van Santvoord's Pl. 180 ; *Brown* v. *Colie*, 1 E. D. Smith, 265 ; *Chesbrough* v. *New York, etc., R. R. Co.*, 26 Barb. 9 ; 2 Chitty Cont. (11th ed.), 1169 ; *Titlow* v. *Hubbard*, 63 Ind. 6.

Where the action is upon a contract in writing, the contract, or a copy, must be filed with the complaint. R. S. 1881, section 362 ; Works Pr., section 415, and authorities cited ; *Hight* v. *Taylor*, 97 Ind. 392.

Where the contract is in separate parts, all the parts, or copies of all, must be filed with the complaint. *Titlow* v. *Hubbard, supra ; McFadden* v. *State, ex rel.*, 82 Ind. 558.

The plaintiff, by her demurrer to the eighth paragraph of Hartman's answer, admitted that the additional, or supplemental, contract, set out in that paragraph, had been entered

into between her and the McClures. The necessary inference from that admission was that the complaint had not declared upon the entire contract existing between her and the Mc-Clures, and was, for that reason, essentially defective. When the complaint is thus essentially defective, it is well settled that the plaintiff can not be heard to complain that a demurrer to an answer to it has been erroneously overruled. In such a case the plaintiff can not be regarded as having, in any event, been substantially injured by the ruling upon the answer.

The conclusion we have thus reached as to the effect of the plaintiff's demurrer to the paragraph of Hartman's answer in question dispenses with the present necessity of considering whether, and if so to what extent, the substantial rights of Hartman were affected by the execution of the additional, or supplemental, contract herein above set out. We regard that question as not being now properly before us.

The judgment is affirmed, with costs.

ELLIOTT, J., did not participate in the decision of this cause.

Filed April 24, 1885.