Case *et al. v.* Ellis.

No. 1,068.

CASE ET AL. *v.* ELLIS.

VENIRE DE NOVO.—*When Granted.*—A motion for a *venire de novo* will not be sustained unless the verdict or finding is so defective that a judgment can not be rendered thereon.

SPECIAL VERDICT.—*Motion to Strike Out Part of.*—*Practice.*—There is no error in overruling a motion to strike out a part of a special verdict.

WITNESS.—*Competency.*—*Conversation Had With Deceased Person.*—*Partnership.*—A witness who had purchased all the interests of her deceased brother in a partnership, was competent to testify to a conversation had between the deceased and the witness and a third party relating to the partnership business.

From the Kosciusko Circuit Court.

*C. W. Miller* and *L. W. Royse*, for appellants.

*H. D. Wilson, W. J. Davis* and *H. C. Wilson*, for appellee.

DAVIS, C. J.—This action was instituted by appellee against Lewis F. Case, Edwin L. D. Foster, William Jackson, and Caroline S. Peck. The last named defendant made default.

The case is here for the second time. *Case v. Ellis*, 4 Ind. App. 224.

Our attention has not been called to any change in the pleadings since the reversal of the judgment of the court below on the former hearing.

There was a trial by a jury, which returned a special verdict, on which judgment was rendered against said "Lewis F. Case, Edwin L. D. Foster, and William A. Johnson, as principals, and Caroline S. Peck, as surety," in the sum of three hundred and forty-nine dollars and thirty-four cents. Case, Foster, and Jackson alone appeal. Peck is not, in any manner, made a party to the proceedings in this court.

The Christian name of Foster does not appear in the assignment of errors. His initials only are given. Waiving any question growing out of the failure to make said Peck a party in some manner, to this appeal, or on account of the failure to state the full name of said Foster in the assignment of errors, we will consider the errors jointly assigned by all of the appellants, which are:

First. The court erred in overruling appellants' demurrer to appellee's complaint.

Second. The court erred in sustaining appellees' demurrer to second paragraph of appellants' answer.

Third. The court erred in overruling appellants' motion for *venire de novo*.

Fourth. The court erred in overruling appellants' motion for a new trial.

Fifth. The court erred in overruling appellants' motion for judgment on special verdict in favor of appellants.

Sixth. The court erred in overruling appellants' motion to strike out a portion of the special verdict.

Seventh. The court erred in overruling appellants' motion in arrest of judgment.

The rule that a joint assignment of errors must be well taken as to all who join in the assignment, is so well settled that it is not necessary to cite authorities in support thereof.

The second, fifth and seventh errors are waived by reason of the failure to discuss them.

The first error assigned was decided adversely to appellants on the former appeal.

The verdict is not so defective or uncertain that a judgment can not be rendered thereon, and, therefore, there was no error in overruling the motion for a *venire de novo*. *Knight, Admr.*, v. *Knight*, 6 Ind. App. 268, 33 N. E. Rep. 456.

There was no error in overruling the motion to strike out a portion of the special verdict.

On the trial Mary E. Burnham, who was a sister of George Burnham, and who, after his death, purchased of the other heirs their rights in his interest in the firm of Burnham & Case, testified to a conversation which took place in the lifetime of said George Burnham between him and the witness and said Lewis F. Case, in relation to borrowing money of appellee for the use and benefit of the partnership of Burnham & Case, and that the money so borrowed for which the note described in the complaint was executed, was entered on the books of said firm as a partnership liability in the handwriting of Mr. Case, and that when she afterwards became a member of the firm, and also when Foster and Jackson entered the partnership, this note was one of the items in the list of indebtedness, which each of said appellants respectively assumed and agreed to pay, etc. It is insisted that said witness was incompetent as to all matters which occurred prior to the death of her brother. We are not able to agree with counsel in this contention. There was no error in admitting her testimony.

It is earnestly insisted that the verdict is contrary to the evidence, and that it is not sustained by sufficient evidence. There was some evidence at least tending to sustain all the substantial averments in the complaint, and moreover the finding of the jury embraces all the material facts alleged in the complaint.

We can not disturb the verdict on the evidence. As to Case at least there was ample evidence to support the verdict.

We find no reversible error in the record.

Judgment affirmed.

Filed Feb. 22, 1894.