### DURFLINGER *v.* BAKER.

[No. 18,243. Filed February 1, 1898.]

SPECIAL FINDING.—*Venire De Novo.*—Where enough facts are found in a special finding to support a judgment thereon the remedy is not by a motion for a *venire de novo*, as the silence of the finding upon any issue is deemed a finding against the party tendering such issue. *p. 378.*

SAME:—*Conclusions.*—A judgment rendered upon a special finding will not be reversed because the finding contained conclusions, where, disregarding such conclusions, enough facts remain to support the judgment. *p. 378.*

PLEADING. — *Evidence.* — *Practice.* — A written statement which is claimed to be the basis of an action is improperly admitted in evidence without pleading it, either in the form in which it was written, or for enforcement in a reformed condition. *p. 381.*

EVIDENCE.— *Written Contract Not Pleaded.*—Where a defense to an action sounds in contract, and the contract was in writing and not pleaded in the cause, such defense is a question of law that should have been presented by the pleadings, and not being pleaded was not in issue. *p. 381.*

TRIAL.—*Theory.* — *Practice.* — *Special Finding.*—Where both parties to an action, by their pleadings treat the contract concerning the questions in issue as in parol, no error was committed by the court in finding upon the oral testimony, notwithstanding the written contract, which was not pleaded, was admitted in evidence. *pp. 381. 382.*

From the Hamilton Circuit Court. *Affirmed.*

*Thos. J. Kane, Ralph K. Kane,* and *Gavin, Coffin & Davis,* for appellant.

*Robert Graham, Robert N. Lamb,* and *Ralph Hill,* for appellee.

HACKNEY, J.—The appellee, Baker, sued the appellant, Durflinger, to recover upon a promissory note for $600.00, with interest and attorney's fees, and for the enforcement of a vendor's lien against certain real estate sold by Baker to Durflinger, and for which, it was alleged, said note was executed. The appellant answered, first, that the note was executed for the purchase money for the appellee's interest in the property and business of a partnership composed of the appellant and appellee, and that the consideration for said note had failed in part, owing to the fact that the appellant had agreed to assume all the indebtedness of the partnership, and was to receive all of its assets; the assets and liabilities having been determined from a general statement made by the appellee, who kept the books of the business, to the effect that the assets were $6,811.15 and the liabilities $5,448.62, as shown by such books, whereas the assets, in the materials on hand, were short of the stated amount, and the liabil-

ities were greater than as stated. It was alleged that the parties agreed that the books and accounts were correct, and represented the condition of the business, and that as to this the parties were mutually mistaken. The agreement was not alleged to be in writing; nor was reformation sought; nor was fraud alleged; nor did the answer allege that appellant was ignorant of the extent of assets or true liabilities, or that he had no means of knowing the same. The second answer sought to set off one-half of $300.00 alleged to have been paid to Baker during the partnership by one Steffin, a customer and debtor of the business, and not accounted for by Baker.

The reply, in addition to a paragraph in general denial, alleged that in the dissolution of the partnership, and sale to Durflinger, every matter connected with the business was settled; that appellant assumed all liabilities of the business; and that, in accepting $600.00, he received less than the value of his interest. The trial resulted in a special finding, conclusions of law, and a judgment against the appellant. The assignment of error is that the court erred—First, in its conclusions of law; second, in overruling the motion for a new trial; and, third, in overruling the motion for a venire de novo.

The special findings were that on the 20th day of June, 1895, Durflinger purchased Baker's interest in the partnership business, accounts, and property, and executed to Baker the note in suit; "that at the time of said sale a memorandum of the partnership property, assets, and liabilities was prepared by Baker, as a basis to approximate the value of the same; that both plaintiff and defendant had access to the accounts, books, and property of the partnership at all times; that the negotiation of said sale was on hand for several days, and the price finally agreed upon was a

lump price for the interest of the plaintiff in said part-
nership, and the defendant took the same subject to
all its liabilities, everything in connection with said
partnership, as between the plaintiff and defendant,
being settled and adjusted at the time of said sale, and
embraced in said note sued on." The amount due on
the note is stated, the real estate conveyed by Baker
is described, and it is found that Baker and one Busby,
as a firm, were creditors of one Steffin at a time when
Steffin owed Baker and Durflinger, and that Steffin
paid to such firm a part of his indebtedness, and then
failed in business. The conclusions of law were in
favor of the appellee for the amount of the note, in-
terest, and attorney's fees, and for the maintenance
of a vendor's lien. In support of the motion for a
*venire de novo*, it is claimed only that the court failed
to find upon issues tendered by the appellant. Upon a
special finding or special verdict, it has many times
been held that, if enough is found to support the judg-
ment, the remedy is not by motion for *venire de novo*,
because of the rule that the silence of the verdict or
finding upon any issue is deemed a finding against the
party tendering such issue. *Archibald* v. *Long*, 144 Ind.
451; *Central Union Tel. Co.* v. *Fehring*, 146 Ind. 189;
*Belshaw* v. *Chitwood*, 141 Ind. 377. That the facts found
support the conclusions of law, and the judgment is
not questioned by the appellant, further than to sug-
gest that they contain conclusions. If this suggestion
were correct, it would not defeat the findings, unless,
when such conclusions were disregarded, enough
would not remain to support a judgment. This much
is not claimed on behalf of the appellant, nor are the
exceptions to the conclusions of law urged. The ques-
tions arising upon the motion for a new trial are
therefore the only remaining questions. The first in-
quiry relates to the finding concerning the indebted-

ness of Steffin to Baker and Durflinger, and it is urged that the evidence does not support the finding. That finding is conceded to have been directed to the issue made upon the second paragraph of answer, and the evidence of Baker was that he and one Busby were, during the partnership of Baker and Durflinger, engaged in the business of manufacturing and selling barrel headings, to which business Steffin became indebted at a time when he was also indebted to Baker and Durflinger; that the shipment of headings to Steffin was billed upon the bill heads of Baker and Durflinger; that Steffin made two remittances to the last named firm, the second of which Baker regarded as applicable to the account of Baker and Busby; that he and Durflinger talked of the matter, and it was agreed that said remittance, $300.00, might be, and the same was, applied to said account. This evidence is contradicted by Durflinger, but it was the privilege of the trial court to determine which of the witnesses testified to the truth, and it is our duty only to find that there was evidence supporting the finding.

The finding above, in quotations, it is earnestly contended, is not supported by, and is contrary to the evidence. This contention rests, in most part, upon a writing introduced in evidence, and bearing the signatures of both parties, and reading as follows:

"June 20, 1895. John W. Durflinger having purchased A. M. Baker's undivided half interest hoop, mill property, stock, book accounts, etc., on following basis:

| | |
|---|---:|
| Stock on hands | $3,390.40 |
| Plant | 3,180.00 |
| Book acct. as per ledger | 240.75 |
| | $6,811.15 |

"Assuming all unsettled accounts as follows:

| | |
|---|---:|
| Bills pay.....................$5,080.00 | |
| Book acct., etc................. | |
| Overdraft 1st Natl. Bank...... | 40.00 |
| Kave and K. called........... | 40.00 |
| Longby & Hare acct. and others | 25.62 |
| Freights called................ | 25.00 |
| Patterson .................... | 23.00 |
| Jenkins ..................... | 75.00 |
| Hare & Sons.................. | 100.00 |
| Craig interest................ | 40.00 |
| | $5,448.62 |
| Net surplus..................$1,362.53 | |
| | $6,811.15 |

"And in full settlement of Baker's half interest, as shown by surplus, Durflinger executes his note of hand for $600.00 and agrees to protect Baker from all harm. Mutually agreed to be correct. John W. Durflinger, A. M. Baker."

Baker testified: That negotiations had been pending between the parties, when he offered to sell upon an invoice, or at a "lump sale," for $700.00. To the latter proposition, Durflinger made a counter proposition of $500.00; and thereupon they agreed upon $600.00, the note in suit was executed, a deed was made, and the trade was closed up. Then they agreed to put the above statement upon the book as a final settlement of all differences between them, and after the agreement and sale the statement was written in the book. He testified, also, that the statement was an exhibit of the condition of the firm's business, as appeared from the books of account, and as both parties believed to be true; that an invoice had been made on the first day of May, before; and that a statement from

Durflinger *v.* Baker.

the books had been made and had been figured over for two days before the "lump sale" was made.

Durflinger's theory was that the written statement was the original and only agreement of sale, and that the note and conveyance were executed pursuant thereto. His evidence tended to support this theory. It will thus be seen that the evidence was in conflict as to the basis of the agreement of the parties; and, unless the contention of appellant's learned counsel shall prevail, that the writing is absolute, and not subject to contradiction by parol evidence, this conflict must be left by us as settled by the trial court.

As we have seen, the writing was not pleaded by either party as directly or collaterally connected with the action or defense; and the agreement pleaded in the first answer would properly be held an oral agreement, with a provision that Durflinger should pay all of the firm debts, and not certain specified debts. So far it would agree with the appellee's theory. But if the written statement was the basis of the appellant's rights, as contended in his behalf, we know of no reason for admitting it without pleading it, either in the form in which it was written, or for enforcement in a reformed condition.

The defense is that he received less than he bargained for, and paid more than he contracted to pay. Either element of this defense sounds in contract, and whether the contract has that effect is a question of law, which should have been presented by the pleadings. The contract, having been in writing, and not pleaded was not in issue. *Church* v. *Fisher*, 40 Ind. 145; *Galbreath* v. *McNeily*, 40 Ind. 231; *Ashley* v. *Foreman*, 85 Ind. 55; *Potts* v. *Hartman*, 101 Ind. 359; *Mahoney* v. *Robbins*, 49 Ind. 146. The parties, from their pleadings, both treated the contract, concerning those things entering into the consideration, as in parol.

There was, therefore, no error in finding upon the oral testimony.

Much is said as to the fact that Baker, a partner, having charge of the books, made the statement or memorandum as to the condition of the business, and upon which the negotiations were made. It is assumed that this fact placed him in such confidential or fiduciary relation to Durflinger as to require exactness of statement, and to hold him responsible for any deviation in amount as to assets or liabilities. The rule sought to be enforced is that which, from the relationship of parties, an unexplained advantage gained by one of the parties is deemed fraudulent.

Aside from the question as to whether constructive fraud is the basis of a remedy in this State, the appellant's allegation is not of fraud, positive or constructive, but is of mutual mistake, and does not come within the rule suggested. The judgment is affirmed.