## CITY OF HUNTINGTON *v.* KAUFMAN.

[No. 7,483. Filed January 30, 1912. Rehearing denied April 24, 1912. Transfer denied January 8, 1914.]

1. APPEAL.—*Review.* — *Findings.* — *Exceptions to Conclusions of Law.*—On appeal to the circuit court by a property owner from an assessment levied for street improvements, based upon the proposition that his property was not benefited in any sum, but that he was damaged in the sum of $500, exceptions to conclusions of law stated by the trial court that his property was not benefited in any sum, that it was damaged in the sum of $500, and that he should recover that amount from the city as damages, were not well taken, since such exceptions conceded that the facts were fully and correctly found. p. 343.

2. APPEAL.—*Review.*—*Findings.*—*Ruling on Motion for Venire de Novo.*—Where the special findings of fact were free from ambiguity, the overruling of a motion for a *venire de novo* was not erroneous, since such a motion reaches matters of form and can only be sustained when the findings are so defective and uncertain that no judgment can be rendered thereon. p. 344.

3. TRIAL.—*Venire de Novo.*—*Grounds.*—The· failure to find material facts in a special finding is not cause for a *venire de novo.* p. 344.

4. EXCEPTIONS, BILL OF.— *Time of Presentation.*— *Extensions.*— *Statutes.*—In order to secure an extension of the time for preparing and presenting a bill of exceptions, a proper application and showing therefor under oath must be made before the expiration of the time first allowed, as provided in §661 Burns 1908, Acts 1905 p. 45, and an affidavit filed after the expiration of the time first given, explaining the cause of delay, is insufficient; hence where the certificate to a bill of exceptions discloses that the bill was presented on the day before the time limit expired, that it was then incomplete, and that it was thereafter presented to the court with additions and accompanied by an affidavit explaining the cause of delay, the evidence therein contained was not properly in the record. p. 345.

5. APPEAL.—*Right of Appeal.*—The right of appeal is a right conferred only by statute, and it must be exercised in conformity with the rules provided by statute. p. 345.

6. APPEAL.— *Questions Reviewable.— Record.— Evidence.*— Where the evidence relating to the issues joined in a prior suit between the parties is not in the record on appeal from the judgment rendered in a subsequent action, the court, on appeal, cannot determine what questions were or might have been determined in such prior suit. p. 346.

From Huntington Circuit Court; *Joseph W. Adair,* Special Judge.

Proceedings by the City of Huntington for the assessment of land for street improvements. From a judgment awarding damages to Roscoe A. Kaufman, the city appeals. *Affirmed.*

*William D. Hamer,* for appellant.

*C. W. Watkins, R. A. Kaufman* and *Charles A. Butler,* for appellee.

ADAMS, J.—Appellee was the owner of certain real estate in the city of Huntington, which was assessed for street improvements, and from which assessment appellee appealed to the Huntington Circuit Court. Issues were joined on the transcript of all the proceedings, and acts of the city relative to the improvement, and the remonstrance of the appellee, who was the defendant below. Upon request, the court made a special finding of facts, and stated conclusions of law thereon, from which. finding, it appears that on December 24, 1901, the common council of the city of Huntington passed a resolution for the improvement of North Jefferson Street in that city, by paving with vitrified brick to a width of thirty feet, and with a sidewalk six feet wide on each side of the improved roadway. The real estate of the appellee was assessed as benefited by the improvement in the sum of $383.44. Notice of the assessment was given to the owners of the real estate affected, and appellee appeared and filed his remonstrance, alleging therein that his property was not benefited in any sum by the improvement,

but that he was damaged thereby in the sum of $500. The assessment against the property of appellee was ratified on May 31, 1904, and ordered placed upon the tax duplicate. On June 1, 1904, appellee filed his bond, and took an appeal to the circuit court. It is also found that the contractors in constructing the work made a cut into the property of the appellee, seven and one-half feet deep, ninety feet long, and twenty-six inches wide, immediately west of the west line of the street, destroying three large shade trees, all without right or authority of law; that the cutting of appellee's lot and grading of the street, left the lot inaccessible, inconvenient, and did not increase the value thereof, but was an injury and damage to the same in the sum of $500; that the contract called for the construction of a six-foot sidewalk for the full length of appellee's property, but that no sidewalk was ever built, and no excavation for a sidewalk was made, and that the city, with full knowledge that no sidewalk had been built in front of the property of appellee, accepted the work from the contractors; that on July 15, 1903, and after the cut was made on appellee's property as aforesaid, and after appellee had suffered the loss of shade trees, as herein set out, he filed his complaint in the Huntington Circuit Court to enjoin the city from further cutting down his lot and from further injuring his shade trees; that issues were duly joined on the complaint, and upon the hearing, the city was enjoined from further cutting appellee's lot and further injuring his shade trees, and judgment was rendered in favor of appellee for nominal damages, in the sum of $10, which judgment has not been set aside nor appealed from.

Upon these facts, the court stated as conclusions of law that the property of the appellee is not benefited by the improvement; that the same is damaged in the sum

1. of $500, and that appellee should recover from the city the sum of $500, as damages. Exceptions were separately and severally taken by the city to each conclu-

sion of law, and separately assigned as error on appeal. The assignment of errors also specifies the overruling of the motion for a *venire de novo* and the overruling of the motion for a new trial. The errors predicated on each conclusion of law stated by the court are not well taken. For the purpose of determining this question, we must take the finding as not only speaking the truth, but the whole truth in regard to the facts of the case. Appellant's exceptions concede that the facts are not only correctly found, but are fully found. *National State Bank* v. *Sanford Fork, etc., Co.* (1901), 157 Ind. 10, 60 N. E. 699; *Blair* v. *Curry* (1898), 150 Ind. 99, 46 N. E. 672, 49 N. E. 908; *Warren* v. *Sohn* (1887), 112 Ind. 213, 13 N. E. 863; *City of Indianapolis* v. *Board, etc.* (1902), 28 Ind. App. 319, 62 N. E. 715; *Ladd* v. *Kuhn* (1901), 27 Ind. App. 535, 61 N. E. 745. The finding being clear and free from ambiguity, it follows that

2. there was no error in overruling the motion for a *venire de novo*. This motion reaches matters of form, and can only be sustained when the finding is so defective and uncertain that no judgment can be rendered thereon. *Zink* v. *Dick* (1891), 1 Ind. App. 269, 27 N. E. 622; *Knight* v. *Knight* (1893), 6 Ind. App. 268, 33 N. E. 456; *Case* v. *Ellis* (1894), 9 Ind. App. 274, 36 N. E. 666; *Seiberling* v. *Tatlock* (1895), 13 Ind. App. 345, 41 N. E. 841; *Miller* v. *Stevens* (1899), 23 Ind. App. 365, 55 N. E. 262. Under this specification of error, complaint is made that

3. the finding does not sufficiently show whether matters in issue were adjudicated in a former proceeding, and whether there was a prior established grade in the street, from which a change was made in the making of the impovement. The failure to find even material facts in a special finding is not cause for a *venire de novo*. *Waterbury* v. *Miller* (1895), 13 Ind. App. 197, 41 N. E. 383; *Durflinger* v. *Baker* (1898), 149 Ind. 375, 49 N. E. 276; *Jones* v. *Casler* (1894), 139 Ind. 382, 38 N. E. 812, 47 Am. St. 274.

The motion for a new trial calls in question the sufficiency of the evidence to support the finding, in the consideration of which we are met by the objection of the appellee that the evidence is not in the record. The motion for a new trial was overruled, and 120 days were given appellant within which to present to the court its bill of exceptions. The time for presenting the bill expired on April 18, 1909. A bill was presented to the court on April 17, 1909, and it appears from the notation of the court that the same was presented for signature on that day, and taken under advisement for further examination. On June 12, 1909, the record shows that the appellant further tendered its bill of exceptions, containing a full, true and complete transcript of all the evidence in the cause. The court certifies that at the time of presenting the bill of exceptions on April 17, 1909, the same was not a true bill of exceptions, and did not contain twenty-two pages of evidence incorporated into the bill presented on June 12. The court further certifies that the appellant on June 12 tendered the affidavit of its attorney, showing cause for the delay in completing the bill, and that the same with the additions contained and attached since April 17, now contains a full, true and complete copy of all the evidence given in the cause. From this certificate of the court, it appears that the bill of exceptions presented in the first instance on the day before the time limit expired was not complete, and that the bill was again presented to the court on June 12, with said additions, and with the affidavit of the attorney showing the cause for delay. The right of appeal is a right conferred only by statute, and it must be exercised in conformity with the rules provided by statute. Anticipating the possibility of parties being unable to prepare and present bills of exceptions within the time given, the statute provides (§661 Burns 1908, Acts 1905 p. 45), that an extension of time may be secured upon a proper showing made under oath.

But, in order to secure such extension of time, the application must be made prior to the expiration of the time first allowed. An affidavit filed long after the expiration of the time first given, explaining the cause of delay, will not take the place of the affidavit required by this section of the statute. The bill of exceptions, as it comes to us, is shown to have been presented to the court long after the time given for presenting the same, and the evidence is, therefore, not in the record. Ewbank's Manual §31; *Citizens Bank* v. *Julian* (1900), 153 Ind. 655, 55 N. E. 1007; *Wysor* v. *Johnson* (1892), 130 Ind. 270, 30 N. E. 144.

It is claimed by the appellant that the act of the city in appropriating twenty-six inches of the property of the appellee for street purposes is not in this case, for the reason that it was litigated in a prior suit. The finding shows that after the injury complained of by appellee in his remonstrance had been committed, but before the assessment against appellee's property was made, an action was commenced by appellee, seeking to enjoin the city from further cutting down his property, and from destroying other shade trees; that upon the hearing of the cause the city was enjoined, as prayed for, and damages awarded in a nominal sum. Without the evidence relating to the issues joined by the pleadings in the injunction proceeding, we are unable to say what questions were or might have been adjudicated in that action.

Finding no error in the record, the judgment is affirmed.

Note.—Reported in 97 N. E. 339. See, also, under (1) 38 Cyc. 1992; (2, 3) 38 Cyc. 1990; (4) 3 Cyc. 41; (5) 2 Cyc. 507; (6) 3 Cyc. 164.