TRADERS LOAN AND INVESTMENT COMPANY *v.* BUTCHER.

[No. 10,603.   Filed December 23, 1920.]

1. APPEAL.—*Special Findings.—Included Conclusions of Law Disregarded.—When No Reversal.*—While a conclusion of law erroneously included in a special finding of facts will be disregarded on appeal, a judgment rendered upon such finding will not be reversed, where, disregarding the conclusion, enough facts remain to support the judgment.  p. 550.

2. CORPORATIONS.—*Partnership.—Estoppel.*—Though a corporation may not enter into a contract of partnership unless by its charter expressly authorized so to do, yet, if it has dealt as a partner it is estopped to deny its liability as such, in an action against it by a third person on a contract made in furtherance of the objects for which the corporation was created.  p. 550.

From Gibson Circuit Court; *S. L. Vandeveer,* Judge.

Action by Ulysses G. Butcher against the Traders Loan and Investment Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Luther Benson,* for appellant.

*Sanford Trippet* and *J. M. Vandeveer,* for appellee.

REMY, C. J.—Action on account by appellee against appellant and one Willis.   Willis failed to appear, and was defaulted.   In addition to a general denial, appel-

lant pleaded payment. A reply in denial to the plea of payment closed the issues. The court trying the cause made a special finding of facts, and stated its conclusion of law thereon. Errors assigned are: (1) The court's conclusion of law; and (2) overruling the motion for a new trial.

The material facts found by the court are in substance as follows: On August 19, 1911, appellant, being the owner of a certain farm, leased the same to one Cleveland E. Willis, his codefendant in this action. After Willis entered into possession of the farm, and long prior to the month of June, 1917, appellant and Willis "entered into a parol contract of copartnership," by the terms of which the parties "agreed that they would enter into a copartnership to buy, feed and keep live stock on said farm, and sell the same for profit; that by the terms of said contract all crops grown on said farm suitable for feeding the work animals used on said farm in the cultivation of crops, and in the feeding of the live stock acquired by said copartnership, was to be fed to said animals without any division"; and that each party "should have equal credit for the crops so grown and fed,  *  *  *  and that if any additional feed stuff should be required for said work animals and live stock it should be purchased by said partnership and used for said purposes, and that the profits earned or losses sustained  *  *  *  should be received or borne by said partners equally;" that said oral contract between the parties continued till after July 17, 1917; that during the months of June and July, 1917, appellee and one Duncan were partners doing business under the firm name of Butcher and Duncan, and were engaged in the sale of oats, alfalfa, corn, bran and other feed, and during all of the time Willis, for and on behalf of himself and appellant, purchased of Butcher and Duncan certain quantities of

oats, alfalfa, corn and bran to be used as feed for, and which was used as feed for, the work animals and stock on the farm; that the account for the feed was never paid, and is the account which is made the basis of the complaint in this cause; that, prior to the commencement of this action, Duncan transferred his interest in the account to appellee; and that the account was past due when this proceeding was commenced.

It is first contended by appellant that the facts found are insufficient to support the conclusion of law stated by the court, for the reason that the statement in the finding of facts that appellant and Willis entered into a contract of partnership is but a conclusion of law which must be disregarded. As contended by appellant, it has frequently been held by the courts of appeal of this state that a conclusion of law erroneously included in a special finding of facts will be disregarded on appeal. *Baldwin* v. *Heil* (1901), 155 Ind. 682, 58 N. E. 200; *Minnich* v. *Darling* (1893), 8 Ind. App. 539, 36 N. E. 173. It is also the law, however, that a judgment rendered upon a special finding will not be reversed because the finding contains conclusions, where, disregarding the conclusions, enough facts remain to support the judgment. *Durflinger* v. *Baker* (1898), 149 Ind. 375, 49 N. E. 276. It is not, therefore, necessary to decide whether the statement in the finding that a contract of partnership existed is or is not a conclusion of law. If the statement be entirely omitted, the remaining facts found are sufficient to show that, in the purchase of the feed in question, the parties dealt as partners.

It is further contended by appellant that, even if appellant and Willis had by contract attempted to form a partnership, such contract "would be of no binding force for the reason that the finding shows that at the time of the so-called partner-

ship agreement appellant was a corporation." It is well established as a general proposition of law that a corporation may not enter into a contract of partnership, unless such power is, by its charter, expressly authorized. *Breinig* v. *Sparrow* (1907), 39 Ind. App. 455, 80 N. E. 37. Though it may not lawfully become a partner, a corporation is estopped to deny its liability as such, in an action against it by a third person for the enforcement of a contract made for the furtherance of the objects of its creation. *Breinig* v. *Sparrow, supra.* See, also, *Irvine* v. *Baxter Stove Co.* (1919), 70 Ind. App. 105, 123 N. E. 185. Under the facts found, appellant, although a corporation, is estopped to deny its liability as a partner in the purchase of the feed represented by the account sued on.

The court did not err in its conclusion of law.

We have examined the record with much care, and find not only that the decision of the court is sustained by the evidence, but that substantial justice has been done as between the parties. Judgment affirmed.