JASPER CHAIR COMPANY ET AL. *v.* ALBION BRICK
COMPANY.

[No. 12,006.    Filed December 17, 1924.    Rehearing denied February 27, 1925.]

EXCEPTIONS, BILL OF.—*Application for extension of time for filing bill of exceptions must be made before expiration of time first granted.*—Under the express provisions of §661 Burns 1914, Acts 1911 p. 193, an application for an extension of time to file a bill of exceptions must be made and the time for the hearing thereof set for a day prior to the expiration of the time first granted, and an extension granted on an application made after the expiration of such time is a nullity.

From Daviess Circuit Court; *Milton S. Hastings,* Judge.

Action by the Albion Brick Company against the Jasper Chair Company and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*C. J. Kollmeyer, W. H. Everroad, C. B. Cooper, Bomar Traylor, George A. Faith* and *James E. Bingham,* for appellants.

*W. C. Cox* and *Alvin Padgett,* for appellee.

McMAHAN, J.—The questions involved in this appeal require a consideration of the evidence. After judgment, appellants filed separate motions for a new trial. These motions were overruled October 3, 1923, and sixty days given in which to file bill of exceptions. December 4, 1923, appellants filed an application for an extension of time within which to file bill of exceptions.

Jasper Chair Co. *v.* Albion Brick Co.—82 Ind. App. 518.

Notice of the filing of the application and that the same would be heard December 8, 1923, was given December 4. On December 8, the court extended the time for filing the bill of exceptions thirty days, and within the time as extended, appellants filed the bill of exceptions containing the evidence.

This cause might well be affirmed on authority, but we deem it advisable to again call attention to §661 Burns 1914, Acts 1911 p. 193, which authorizes the court or judge in vacation to extend the time for filing a bill of exceptions, and particularly to that part of the section reading as follows: "Provided further, that the application must be made and the time for the hearing thereof set for a day prior to the expiration of the time first given."

The application of appellants for an extension of the time within which to file the bill of exceptions not having been filed "prior to the expiration of the time first given," the act of the court in extending the time being without authority of law, was void. It follows that the evidence is not in the record and the judgment must be affirmed. See *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314; *Richmond Light, etc., Co.* v. *Rau* (1915), 184 Ind. 117; *English* v. *English* (1915), 182 Ind. 675; *King-Crowther Corp.* v. *Ashcraft* (1916), 60 Ind. App. 412; *Dietrich* v. *Minas* (1915), 61 Ind. App. 333; *City of Huntington* v. *Kaufman* (1912), 55 Ind. App. 341; *Fostoria Oil Co.* v. *Gardner* (1919), 72 Ind. App. 509; *Ft. Wayne, etc., Traction Co.* v. *Kumb* (1917), 64 Ind. App. 529.

Judgment affirmed.