## SOUTH v. DONAHUE, RECEIVER.

[No. 15,134. Filed December 20, 1935. Rehearing denied February 5, 1936.]

*Jacob Weiss*, for appellant.

*Merle H. Thomas,* for appellee.

WIECKING, J.—The only error assigned in this case is the overruling of appellant's motion for new trial. A consideration of the questions raised by the motion for new trial would require an examination and consideration of the evidence. After judgment, the appellant filed a motion for new trial. This motion was overruled on May 15, 1933, and thirty days given in which to file all bills of exception. The time for filing bills of exception, therefore, expired June 14, 1933. On July 1, 1933, sixteen days after his original time for filing bills of exception had expired, appellant filed his application for reextension of time. No notice was given to the appellee or his attorneys of record. The record shows that all parties were in court at the time, and the court entered an order extending the time for filing bills of excep-

tion to September 5, 1933. The verified application for re-extension of time shows affirmatively that the transcript of the evidence was completed by the reporter on June 13, 1933. Within the time as extended the appellant filed the bill of exceptions containing the evidence.

The statute covering applications for re-extension of time in which to file bills of exceptions is §2-3107, Burns Annotated Statutes (Indiana) 1933, and is as follows:

"2-3107 (687). Extending time to present to judge.—Whenever time has been given in which to file a bill of exceptions containing the evidence and the party to which such time was given is unable to tender such bill of exceptions within the time given on account of the failure or inability of the court reporter to prepare and furnish a transcript of the evidence, the court, during any subsequent term of such court, or the judge thereof in vacation, may, upon written application under oath and a showing under oath that such facts exist, grant a reasonable extension of the time already granted within which to file such bill of exceptions: Provided, That party asking such re-extension of time shall give the opposite party, or his attorneys of record, at least three (3) days' notice of the time when and place where said application would be heard: and, Provided further, That the application must be made and the time for the hearing thereof set for a day prior to the expiration of the time first given. But no re-extension of time shall be granted in any case unless it is shown that such failure or inability of the court reporter was not caused by the negligence of the party asking such re-extension of time. If the re-extension of time is granted during any subsequent term of court, the same must be shown by an order of the court duly entered in the orderbook of said court and signed by the judge making such order; if such re-extension is granted by the judge in vacation, the same must be shown by a recital in the bill of exceptions."

It will be noted that the only ground upon which an application for re-extension of time may be filed is *on*

*account of the failure or inability of the court reporter to prepare and furnish a transcript of the evidence.* In this case the verified application showed the transcript of the evidence was completed on June 13, 1933, or before the last day for filing bills. The application for re-extension of time for filing bills was filed July 1, 1933, or sixteen days after the expiration of the time given. While the appellee was present in court and might by his actions waive the giving of notice as contended by appellant, neither the appellees nor the court could waive the plain provisions of the statute requiring "the application must be made and the time for hearing thereof set for a day prior to the expiration of the time first given." The act of the court in extending the time being without authority of law, was void. It follows that the evidence is not in the record and the judgment must be affirmed. *Jasper Chair. Co.* v. *Albion Brick Co.* (1925), 82 Ind. App. 518, 145 N. E. 781; *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 123 N. E. 409; *King-Crowther Corp.* v. *Ashcraft* (1916), 60 Ind. App. 412, 110 N. E. 998; *English et al.* v. *English et al.* (1915), 182 Ind. 675, 107 N. E. 547.

Judgment affirmed.