NELSON T. PHILLIPS *vs.* HORACE G. SHERMAN.

*Right to use of water. Sic tuo, &c.*

A mill owner has no right to unnecessarily and unreasonably detain water from those who have a right to use it subsequent to his own; and he will be liable in damages for doing so.

What is a reasonable use, and what an unreasonable detention, are questions of fact for the jury.

ON REPORT.

CASE for unreasonably detaining by the defendant's dam, water which should have been allowed to flow in its natural channel, (after a reasonable use of it by the defendants) to, and to operate

the plaintiff's mill, lower down the same stream than that of the defendant's, but which was either kept back till it evaporated or else let out at night and other unseasonable times in such large quantities as to run to waste, so that the plaintiff (as he alleged) wholly lost the use of his mill for the four years preceding the bringing of this action, which was commenced February 4, 1870. There was considerable controversy over the facts, but those found by the court, upon the evidence reported for a decision conformably to law thereon, are recited in the opinion. If judgment were rendered for the plaintiff it was agreed that the damages should be assessed at twenty-five dollars. The defendant claimed the absolute ownership of the water, to employ or dissipate it as he pleased ; and a prescriptive right to detain and control it by his dam, and to its use ; and it was in evidence that he proposed to sell it to the plaintiff (after using what he wished) for fifty cents a day.

*Henry Hudson* and *J. Crosby* for the plaintiff.

The upper riparian owner has the right to check the natural flow of the stream, and withhold it from an owner lower down for a reasonable time, even though the mill of the latter was an ancient mill, accustomed to an uninterrupted flow for more than fifty years. Washb. on Easements, 340; *Thurber* v. *Martin*, 2 Gray, 394. But it cannot be uselessly nor unreasonably detained. Each must yield something to the other. Ibid. And any improvements in the flow enure to the benefit of all riparian proprietors below the place where they are made. Washb. on Easements, 346 ; *Tourtellot* v. *Phelps*, 4 Gray, 370.

Chapin formerly owned both mills. When he conveyed the lower one to the plaintiff's grantor—retaining then the upper one subsequently conveyed to the defendant—he conveyed all incidental rights including that of flowing his land above, and the flow of the stream. *Hathorn* v. *Stinson*, 10 Maine, 224; *Barrett* v. *Parsons*, 10 Cush., 371, 376.

*A. M. Robinson* and *P. S. Merrill* for the defendant.

The defendant owns the dominant, and the plaintiff the servient

estate.   The former had a right to detain the water for use, and for a probable use likely to arise at any moment by grain being brought to his mill; and to sell it, if only kept back by a dam of the height which he had acquired a prescriptive right to maintain. *Pillsbury* v. *Moore,* 44 Maine, 154; *Munroe* v. *Stickney,* 48 Maine, 462.

Nor was the unity of possession by Chapin such as to destroy the right.   *Bliss* v. *Rice,* 17 Pick., 23; *Gould* v. *Boston Duck Company,* 13 Gray, 442.

APPLETON, C. J.   The defendant is the owner of a grist mill and privilege situate on a stream issuing from Hebron Pond in Monson.   The evidence shows that in 1820, a dam and grist mill were erected at the outlet of said pond.   In 1841, the then owner of the privilege rebuilt and enlarged the grist mill and deepened the channel thereto.   Formerly fifty bushels of wheat or corn were daily ground at this mill.   More recently the number has been reduced to a daily average of about twenty bushels.   The consequence is, that a much less quantity of water is now vented than formerly.

The plaintiff's mill and dam situated some distance below on the same stream, was built in 1844.   The defendant's privilege and dam have been occupied and enjoyed by him and those under whom he derives his title for a much longer period than is necessary to acquire an adverse title by prescription.   Without detailing the evidence, we think it is satisfactorily proved that the defendant has all the rights which prior occupancy can give as well as those which can be acquired by prescription, so far as regards the height of his dam.

The defendant then has a right to keep and maintain his dam at its present height with all the water necessary to propel his machinery.   But of this the plaintiff makes no complaint.   The defendant claims the right to retain water not needed in any way for the use of his mill nor necessary for its full enjoyment, and to the loss and injury of those whose mills are below him on the same stream.

The defendant, owning the privilege above, and being the first occupant upon the stream, has a prior right to all the water necessary to propel his machinery. But while this right is sustained and protected, he must use the water in a reasonable and proper manner, having regard to the like reasonable use by all the proprietors above and below. He cannot unnecessarily and at his own will and pleasure, detain the water an unreasonable length of time, nor discharge it in such excessive quantity that it would endanger those below. Every owner of mills above is required so to use the water, that every riparian proprietor below shall have the enjoyment of it substantially, according to its natural flow, but subject to the necessary and unavoidable interruption arising from its reasonable and proper use by the privilege above. It cannot be unnecessarily and wantonly detained. Each riparian proprietor on a running stream, whether above or below, has a right to the reasonable use and enjoyment of the water, and to the natural flow of the stream, subject to such disturbance and the consequent inconvenience and annoyance as might result to him from a reasonable use of the waters by others. The owner of a mill and dam has a right to the reasonable use of the water, but he must detain it no longer than is necessary for its profitable enjoyment, and then return it to its natural channel. A wanton or vexatious or unnecessary detention would render the mill owner so detaining liable in damages to those injured by such unlawful detention. *Hetrich* v. *Deachler*, 6 Barr, 32 ; *Davis* v. *Winslow*, 51 Maine, 264 ; *Davis* v. *Getchell*, 50 Maine, 602. In all these cases, the question is whether or not the use has been reasonable. *Thurber* v. *Martin*, 2 Gray, 396 ; *Pool* v. *Lewis*, 5 American Rep., (41 Ga., 162) 526 ; *Holden* v. *Lake Co.*, 53 N. H., 654 ; Washb. on Easements, 268 ; *Springfield* v. *Harris*, 4 Allen, 496.

So far as the defendant or those under whom he derives his title have by artificial means improved the stream, those improvements enure to the benefit of those below. The result is that the defendant has a right to use the water in his pond for the running of all the machinery upon his dam. He has a right to detain it

when required for the reasonable use of his mill. His rights are prior and superior to those of the plaintiff. But he cannot be permitted, in mere wantonness, to detain water not to be used, and of which there is no need whatever in the running of his mill.

The question of reasonable use of the water is one of fact, to be determined by the jury. The parties have referred that question to the court. Upon the whole evidence we are of opinion that the defendant has unreasonably withheld water, neither necessary nor required for the use of his mill.

Accordingly, there must be          *Judgment for the plaintiff for $25 damages.*

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.