RUDOLPH KNAPHEIDE, Admr., &c. of Otto Kassube, *et al.*

*vs.*

WILLIAM W. EASTMAN and JOHN L. MERRIAM.

The plaintiffs, as owners of a leasehold estate in a piece of land on Hennepin Island, near the Falls of St. Anthony, and of a flouring mill, situate thereon, and of a leasehold interest in a water power, connected with and propelling said mill, bring this action to recover damages for the destruction of the mill and power, in consequence of the excavation and construction, by the defendants, of the tunnel described in *Cahill vs. Eastman,* 18 *Minn.* 324. So far as the general question of defendants' liability is concerned, there is no important difference between the case at bar and *Cahill vs. Eastman,* which is adhered to and followed.

The plaintiffs hold their leasehold interest in the land and water power before mentioned, under a lease from the St. Anthony Falls Water Power Co. to Kassube and Erb, dated June 15, 1866. On the 26th August, 1867, said company executed, under its corporate seal, an instrument, which was signed by Kassube and Erb and their assigns, and which was annexed to the lease and an assignment thereof, and recorded at the same time therewith. It is self-styled, a "supplement," to the lease to which it is annexed, and leases to Kassube and Erb, and their assigns, two pieces of land, one of which is described as, "that piece of ground, fourteen feet wide by a depth of seventy, running to the river, immediately adjoining the lower portion of land described in said lease to Kassube and Erb;" and further provides that the rent of the premises demised by the supplement, shall be paid "in quarterly instalments, in accordance with the provisions contained in said lease, for payment of other rents," and then proceeds as follows, viz.: "It is expressly understood and agreed, by and between the parties hereto, that all clauses, covenants and conditions, contained in said lease to which this is a supplement, re-

Knapheide v. Eastman et al.

main unchanged and in force, and are extended to this supplement. And the said St. Anthony Falls Water Power Company reserve to themselves and parties under them, the right to construct and maintain a tunnel, under the buildings on said fourteen feet of ground, described in this supplement, being the premises immediately below the grist mill of said Kassube and Erb, in order to carry out a certain agreement between them, the said St. Anthony Falls Water Power Company, and Eastman and Merriam; and the said Kassube and Erb, and their assigns, are to construct their buildings in such a manner as not to interfere with the building of the said tunnel, or the operation of the same when completed." Defendants offered the so-called supplement in evidence, together with the agreement between said company and Eastman and Merriam, by the terms of which E. and M., and their heirs and assigns, are authorized to construct, maintain and use, in the manner, and upon the conditions specified, a tunnel under Hennepin Island, through which to draw and discharge water, in order to make available a certain water power to them granted in said agreement. Defendants also offered to show that the company owned in fee all that part of Hennepin Island through which the tunnel was excavated and constructed, and that the same was excavated and constructed in accordance with the provisions of the agreement, both as respects location and otherwise. *Held*, that the so-called supplement was, in fact and effect, a *lease*, entirely separate and distinct from the original lease. *Held further*, that whether the clause by which the Water Power Co. " reserves" the right to construct and maintain the tunnel, is, technically speaking, a reservation or an exception, its own terms confine its operations and effect to the fourteen feet of ground, described in the supplement. *Held further*, that the reservation, by the Water Power Co., of the right spoken of, in order to carry out the agreement with E. and M., is neither an agreement, consent, nor license, on the part of the lessees in the supplement, that such agreement may be carried out, any further than so far as concerns said fourteen feet of ground. *Held further*, that as in this action, the plaintiffs seek to recover only the damages occasioned to the premises and rights, demised by the original lease, and the mill situate thereon, the evidence offered was rightly excluded, as furnishing no defense, and therefore immaterial.

Appeal by defendants from an order of the district court for Hennepin county, refusing a new trial. The action was for the destruction of plaintiffs' grist mill and other

property, in consequence of the excavation, by the defendants, of the tunnel described in *Cahill vs. Eastman*, 18 *Minn.* 324, and in *St. Anthony Falls W. P. Co. vs Eastman*, (*ante p.* 277.) The facts of the case are stated in the opinion. The agreement between the defendants and the St. Anthony Falls W. P. Co., mentioned in the opinion, is stated more at large in the opinion in the case last cited.

James Gilfillan and D. A. Secombe, for Appellants.

I. Atwater and Lochren & McNair, for Respondents.

*By the Court.*—Berry, J.—The plaintiffs, as owners under a lease, dated June 15, 1866, of a leasehold estate in a piece of land on Hennepin Island, near the Falls of St. Anthony, and of a flouring mill situate thereon, and of a leasehold interest in a water power, connected with and propelling said mill, bring this action to recover damages for the destruction of the mill and power, in consequence of the excavation and construction, by the defendants, of the tunnel described in *Cahill vs. Eastman*, 18 *Minn.* 324.

So far as the general question of defendants' liability is concerned, there is no important difference between that case and the case at bar. We held, in the former case, that the defendants were liable, without proof of negligence in the construction and maintenance of the tunnel.

Upon the authority of *Losee vs. Buchanan*, 51 *N. Y.* 476, which was decided since *Cahill vs. Eastman*, and is against the same, we are asked to reconsider this position. Upon an examination of *Losee vs. Buchanan* we discover no reason for so doing. *Cahill vs. Eastman* was decided upon a diligent examination of authorities, and after much reflection and discussion. We are not aware of any principle, presented by *Losee vs. Buchanan*, which we did not consider. The most

Knapheide v. Eastman et al.

important authorities relied on in the latter case, are referred to and reviewed in the opinion of this court in the former. The case of *Rylands vs. Fletcher*, which was, perhaps, as influential as any in supporting the view taken in *Cahill vs. Eastman*, was not only decided by the house of lords, but it has received the sanction of the supreme court of Massachusetts, in *Shipley vs. Fifty Associates*, 106 *Mass.* 194, a case to which our attention was not called, even if it was reported at the time of the argument or determination of *Cahill vs. Eastman*. See also *Wilson vs. New Bedford*, 108 *Mass.* 261. Without entering into further details, or attempting to add to what we before said, it is only necessary to say, that having seen nothing to shake our confidence in the correctness of our former conclusion, we must decline to reconsider or revise it.

There is, however, one question in this case, not presented by *Cahill vs. Eastman*. The plaintiffs hold their leasehold interest in the land and mill power, before mentioned, under and by virtue of a lease from the St. Anthony Falls Water Power Company to Kassube and Erb, dated June 15, 1866. On the 26th day of August, 1867, said company executed, under its corporate seal, another instrument, which was signed by Kassube and Erb and their assigns, and was annexed to the lease and an assignment thereof, and which was recorded at the same time therewith. So much of said instrument as is material to be here considered, is as follows, viz.: " Supplement to the annexed lease between the St. Anthony Falls Water Power Company, party of the first part, and Otto Kassube and Alexander Erb, parties of the second part, dated June 15, 1866, *witnesseth :* that the said St. Anthony Falls Water Power Company hereby let and lease unto the said Kassube and Erb, and their assigns, that piece of ground, immediately adjoining the upper portion of ground leased to said Kassube and Erb by the foregoing lease, (describing said piece ;) also,

that piece of ground, fourteen feet wide by a depth of seventy feet, running to the river, immediately adjoining the lower portion of land described in said lease to Kassube and Erb." Here follow the *habendum, tenendum,* and *reddendum,* providing, among other things, that the rent of the premises, demised by the supplement, is to be paid " in quarterly instalments, in accordance with the provisions contained in said lease, for payments of other rents; and it is expressly understood and agreed, by and between the parties hereto, that all clauses, covenants, and conditions, contained in said lease to which this is a supplement, remain unchanged and in force, and are extended to this supplement. And the said St. Anthony Falls Water Power Company reserve to themselves, and parties under them, the right to construct and maintain a tunnel, under the buildings on said fourteen feet of ground described in this supplement—being the premises immediately below the grist mill of Kassube and Erb—in order to carry out a certain agreement between them, the said St. Anthony Falls Water Power Company, and Eastman and Merriam; and the said Kassube and Erb, and their assigns, are to construct their buildings in such a manner so as not to interfere with the building of said tunnel, or the operation of the same, when completed."

The defendants offered the supplement, (so called,) in evidence, together with the agreement, above referred to, between said company and Eastman and Merriam, by the terms of which Eastman and Merriam, their heirs and assigns are authorized to construct, maintain, and use, in the manner and upon the conditions specified, a tunnel under Hennepin Island, through which to draw and discharge water, in order to make available a certain water power to them granted in the same agreement. The defendants also offered to show that the company owned in fee all that part of Hennepin Island

through which the tunnel was excavated, and that the said tunnel was excavated and constructed in accordance with the provisions of the agreement, both as respects location and otherwise. All of the matter thus offered in evidence was excluded, upon plaintiff's objection.

The defendants contend that the evidence should have been received, " because the reservation in the supplement to the lease under which the plaintiff's claim title, was a *contract*, by the terms of which plaintiffs consented to the excavating of the tunnel, under the agreement between the Water Power Company and the defendants; that they were thereby estopped from claiming that the act of excavating and .maintaining the tunnel was wrongful, and the most they could claim would be, that defendants would be liable for failing to excavate or maintain it with the care and skill, expressly or impliedly provided for in the agreement before mentioned." We are of opinion that the evidence was properly rejected. It will be observed, that the instrument which is called a supplement, is, so far as appears, in fact and effect, a *lease*, entirely separate and distinct from the original lease, which is not placed before us. The ground demised by it is no part of the ground demised by, neither is the rent reserved in it any part of the rent reserved in, the original lease. In short, it is in no other sense a supplement to, or connected with, the original lease, except that it demises ground adjoining that demised by the original lease, and extends the " clauses, agreements, covenants, and conditions, contained in said lease," (which are expressly declared to remain unchanged,) to itself.

There may be some difficulty in satisfactorily determining whether the clause by which the Water Power Company " reserves" the right to construct and maintain the tunnel, is, technically speaking, a reservation or an exception. In this

case, however, the question is immaterial.  For, whether it be one or the other, its own  terms confine  its  operation and effect to the fourteen feet of ground described in  the supplement.   That the Water Power Company " reserve" the right spoken of, " in order to  carry out" the agreement with Eastman and Merriam, is  neither  an  agreement,  consent,  nor license, on the part of the lessees in the supplement, that such agreement may be carried out, any farther than so  far as concerns said fourteen feet of ground.   Such being the' case, there is no good ground upon which to claim that the  clause referred to takes anything whatever  out of what is  granted by the original lease, or  in  any  degree  or  respect  abridges the rights of the plaintiffs thereunder.   *Wilson vs. New Bedford,* 108 *Mass.* 261.

As the plaintiffs seek, in this  action, to  recover only  the damages occasioned to the premises and rights demised by the original lease, and the mill situate on said premises, it follows, that the excluded evidence was properly excluded, as furnishing no defense to the plaintiffs' claim, and as therefore entirely immaterial.

Order denying a new trial affirmed.