## OHIO OIL COMPANY *v.* WESTFALL.

[No. 6,647. Filed May 18, 1909.]

1. PLEADING.— *Complaint.*— *Nuisance.*— *Negligence.*— A complaint alleging that defendant company owned certain oil-wells, that it caused crude oil and salt water to flow over plaintiff's land, injuring the land and crops, destroying the well, and emitting noisome odors, to plaintiff's damage, is grounded upon the maintenance of a nuisance, and not upon negligence. p. 663.

2. PLEADING.—*Answer.*—*Nuisance.*—*Negligence.*—To a complaint for a nuisance for running crude oil and salt water over plaintiff's land, to her damage, an answer that the running of such oil and water was necessary for the defendant's enjoyment of its property, that defendant was not actuated by malice, and that defendant used due care to avoid any injury to the plaintiff, is sufficient. p. 663.

3. NUISANCE.—*Operation of Oil-Wells.*—*Reasonable Use of Premises.*—*Question for Jury.*—Whether defendant's use of its property in operating an oil-well and discharging salt water and crude oil upon plaintiff's land, to her damage, was reasonable, is a question for the jury. p. 664.

4. APPEAL.—*Weighing Evidence.*—The Appellate Court cannot weigh conflicting evidence. p. 664.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by Mary F. Westfall against the Ohio Oil Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John W. Brady,* for appellant.

*Thomas Duncan,* for appellee.

RABB, J.—This action was brought in the court below by the appellee, to recover damages alleged to have resulted to her lands, and crops growing thereon, by reason of oil, salt water and other mineral waters escaping from appellant's wells and flowing down a natural watercourse upon appellee's lands bordering the watercourse. Appellant's demurrer to the complaint was overruled. Appellant answered in four paragraphs. A reply was filed, cause submitted to a jury for trial, verdict returned in favor of ap-

pellee, appellant's motion for a new trial overruled, and verdict rendered on the judgment.

The errors relied upon for a reversal of the judgment, are the action of the court in overruling appellant's demurrer to the complaint, and its motion for a new trial.

The substantial averments of the complaint are as follows: That the defendant is engaged in producing and refining petroleum; that the plaintiff is the owner of certain real estate in Gibson county, used for farming purposes; that it contained a well of water suitable for domestic use; that the defendant owned and operated oil-wells, and permitted large quantities of oil, salt water and other waters to flow from the premises where the wells were situated, down and over the land of the plaintiff; that it gathered great quantities of crude oil in tanks; that a part of the oil gathered is unfit for use, and that this oil is emptied from the tanks in great quantities down over plaintiff's land; that the salt water and oil have polluted the water on the lands of plaintiff, gathered in pools on her land and become stagnant, have sunk into the land of plaintiff, and rendered the well on her said land unfit for use; that the salt water and other mineral waters permitted to flow on plaintiff's land are injurious and dangerous to hogs, horses and cattle, and to vegetable life, destroying the grass and growing crops, and emitting unpleasant odors, which are nauseous and dangerous to human beings, and injurious to the health of plaintiff and her family and the occupants of her land; that, by reason of the acts and conduct of the defendant in this respect, the growing crops upon her land have been destroyed, and water used by stock upon her farm has been polluted, her well contaminated and rendered unfit for use, and her farm rendered less desirable for residence purposes.

Appellant's contention is that it has the right to develop all the resources of its land, and it has a right to bring to the surface of the earth minerals and oils that are contained in

the earth; that, to carry on its operations, it has the right to permit the salt and mineral waters and oil, not utilized by it, to be carried off in the natural channels of drainage; that if, in the exercise of its right to the use and enjoyment of its property, without negligence or malice on its part, an inconvenience is suffered by its neighbor, it is a damage for which there is no liability, and the appellee's complaint is insufficient for a failure to aver that the appellant was guilty of negligence, or actuated by malice in permitting salt and mineral water and oil to flow from its land onto the land of the appellee.

The appellee's action is not grounded upon negligence, but upon the maintenance by appellant of a nuisance. Appellant was charged in the complaint with maintaining oil-wells upon its premises, which were offensive to the senses and injurious to the health of appellee and her tenants, destructive to the vegetation growing on the land, which corrupted the waters of a natural stream flowing from appellant's lands through the lands of appellee, rendering it unfit for use for the purpose of watering stock, and which destroyed a well of water used for domestic purposes.

1. The question of negligence arises upon appellant's answer. It is a sufficient answer to the charge made in appellee's complaint against appellant that the things complained of were rendered necessary to the enjoyment by appellant of its own property, and that the maintenance of the offensive oil-well was not actuated by malice, and that appellant used due care to avoid injury to the appellee. This answer admits that in the use of its own property it necessarily injuriously affects the appellee, but justifies such use and injury by the claim that the injurious consequences naturally flow from its reasonable use of its own premises. The burden is on it to establish this defense.

2. Whether the manner in which the appellant's premises

were used was a reasonable use of them, is a question for the jury. *Poole* v. *Lewis* (1870), 41 Ga. 162, 5 Am. Rep. 526; *Phillips* v. *Sherman* (1873), 64 Me. 171; *Holden* v. *Winnipiseogee Lake, etc., Mfg. Co.* (1873), 53 N. H. 552; *Clinton* v. *Myers* (1871), 46 N. Y. 511, 7 Am. Rep. 373; *Hartzall* v. *Sill* (1849), 12 Pa. St. 248; *Hazeltine* v. *Case* (1879), 46 Wis. 391, 1 N. W. 66, 32 Am. Rep. 715; *Rindge* v. *Sargent* (1886), 64 N. H. 294, 9 Atl. 723; *Muncie Pulp Co.* v. *Koontz* (1904), 33 Ind. App. 532 and cases cited; *Perry, etc., Stone Co.* v. *Smith* (1908), 42 Ind. App. 413.

Whether the manner in which appellant used its premises, in the matter of controlling the offensive oil and the salt water, to prevent them from affecting the appellee's premises, was a reasonable use thereof, and whether the appellant exercised reasonable diligence in respect to preventing injury to his neighbor from the offensive character of the product of his wells, being strictly questions for the jury, this court cannot, upon the evidence presented, interfere with the verdict.

The judgment of the court below is affirmed.