## THE ROCK OIL COMPANY ET AL. *v.* BRUMBAUGH.

[No. 8,510.   Filed March 26, 1915.   Rehearing denied June 22, 1915. Transfer denied October 14, 1915.]

1. APPEAL.—*Review.—Motion to Make Specific.*—There was no reversible error in the overruling of a motion to require the complaint to be made more specific, where most of the details called for were peculiarly within the knowledge of defendants, who were in no way deprived of any right by the ruling, and where, on the facts of the case, the motion presented a question within the discretion of the trial court.   p. 646.

2. PLEADING.—*Complaint.—Averments of Fact.*—In an action for damages from alleged negligence of defendants in permitting oil to escape from their premises, allegations in the complaint charging in substance that tanks containing the oil were constructed by defendants and were insecurely and improperly hooped, were statements of ultimate facts susceptible of proof, and were not mere conclusions of the pleader.   p. 647.

3. NEGLIGENCE.—*Complaint.—Sufficiency.—Averment of Independent Acts.*—A complaint for damages resulting from the escape of oil from defendant's premises, was not objectionable because it charged negligence in failing to confine the oil on the premises and to erect walls and barriers that would confine it in the event a tank should burst, and also in the use of improper and insufficient hoops in the construction of the tanks, since a complaint alleging independent, negligent acts or omissions is not insufficient for want of facts if its averments show that any one of them was the proximate cause of the injury complained of.   p. 647.

4. NEGLIGENCE.—*Pleading.—Existence of Duty.—Inferences.*—In an action for negligence the complaint need not specifically allege that a duty was owing from defendant to the plaintiff, since the existence of a duty depends upon the facts alleged and the law will imply its existence where the facts pleaded warrant such inference.   p. 648.

5. NEGLIGENCE.—*Fire from Escaping Oil.—Complaint.—Sufficiency.*—A complaint for damages on account of a fire caused by oil which defendants negligently permitted to escape from their

premises, was not insufficient as not alleging that defendants owed plaintiff the duty of keeping the oil securely confined in receptacles on their premises, where enough facts were alleged to show that plaintiff was so situated, as to be entitled to the protection afforded by §9062 Burns 1914, Acts 1913 p. 66, which requires oil and gas produced from wells to be safely and securely confined in wells, pipes or other safe and proper receptacles. p. 648.

6. Negligence.—*Fire from Escaping Oil.—Complaint.—Sufficiency.* —A complaint to recover damages on account of a fire caused by oil negligently escaping from the premises of the defendants, was not insufficient for failure to allege that it was practicable to confine the oil so that it would not escape, and even were a showing of practicability requisite, the overruling of a demurrer upon that ground was not error, where facts were alleged which reasonably warranted the inference that it was practicable to so confine the oil. p. 649.

7. Negligence.— *Fire from Escaping Oil.— Proximate Cause.— Complaint.*—A complaint charging negligence by defendants in keeping and maintaining their tanks and receptacles in such manner that on the bursting of a tank live crude oil flowed into a ditch maintained by defendants for draining dead oil and waste from their premises, and thence through a second ditch into a public drain that plaintiff was dredging with a steam dredge; that defendants, knowing that the same was liable to ignite and damage plaintiff's property, negligently failed to warn him; that the live oil was similar in appearance and smell to the dead oil and waste hitherto flowing into the ditch; and that it accumulated around the dredge without plaintiff or his servants knowing that it was other than the dead oil or waste and was accidentally ignited by fire from the dredge, etc., causing the dredge to be destroyed, etc.; when construed in the light of the statute requiring oil and gas to be securely confined, and in the light of the law on analogous questions, shows that defendants' negligence was the proximate cause of plaintiff's loss. pp. 649, 651.

8. Negligence.—*Proximate Cause.*—To make a negligent act or omission the proximate cause of an injury, it is not essential that the particular or actual consequences must have been anticipated, nor need the act or omission have been the closest in point of time or position to the injury, but the proximate cause is that which causes, or fails to prevent, an injury that might reasonably have been anticipated to result and without which the injury would not have occurred, regardless of the number of intervening or concurring agencies. p. 650.

9. Property.—*Enjoyment of Property Rights.—Liability.*—One is entitled to the reasonable use of his property even if such use

incidentally injures the property of his neighbor, but, if his use thereof is unreasonable, liability will arise for such injury as might have been anticipated to result therefrom; and where one brings upon his own premises and keeps there anything likely to cause injury or damage to others if it escapes, he must keep it at his peril, and is *prima facie* answerable for all damage which is the natural consequence of its escape.    p. 651.

10. NEGLIGENCE.—*Fire from Escaping Oil.—Independent Intervening Agency.*—Where defendants, having knowledge that plaintiff was engaged in dredging a public ditch with a dredge operated by steam generated by burning coal, negligently permitted live oil, similar in appearance and smell to noninflammable, dead oil and waste hitherto flowing therein, to escape into such ditch without warning to plaintiff, who had no knowledge that the oil accumulating about the dredge was other than the dead oil and waste matter, and in the necessary and proper operation of the dredge fire was accidentally brought in contact with the live oil, resulting in its ignition and the destruction of plaintiff's dredge, the firing of the oil was not an independent agency beyond appellants' control which could not reasonably have been anticipated, but was an occurrence that should reasonably have been expected in the usual course of events and according to common experience in handling such oil, and did not break the chain of causation between the negligence alleged and the injury complained of. p. 652.

11. NEGLIGENCE.—*Fire from Escaping Oil.—Verdict.—Answers to Interrogatories.*—In an action for the loss of plaintiff's dredge by fire through the ignition of oil which defendants negligently allowed to escape into a public ditch which plaintiff was dredging, a verdict for plaintiff was not overcome by the jury's answer to an interrogatory to the effect that there was no evidence to show that defendants knew that plaintiff's dredge was located in the ditch below the point where the oil escaped therein, when considered with other answers showing the distance of the dredge from defendants' premises, the length of time it had been in operation, the ability of defendants' servants to see the dredge and hear it when in operation, etc.    p. 653.

12. NEGLIGENCE.—*Fire from Escaping Oil.—Contributory Negligence.—Review.*—Where it was alleged that plaintiff's dredge was destroyed by fire through the ignition of live petroleum which defendants negligently permitted to escape into a ditch which the plaintiff was dredging, without informing plaintiff of its presence or that it was other than noninflammable, dead oil and waste matter hitherto flowing in such ditch, the verdict for plaintiff can not be disturbed on the theory that all persons are presumed to know the nature and character of such oil, and that plaintiff's

employes had notice of the danger before the fire occurred, since the contention does not meet the theory of the complaint, which was supported by some evidence, as well as by the jury's answers to interrogatories, and in view of the fact that it was the duty of defendants under the circumstances shown to take every precaution to avert the danger incident to the presence of the live oil about the dredge, which duty it might have discharged by the giving of timely notice. p. 654.

13. APPEAL.—*Review.*—*Instructions.*—Objection to certain instructions on the ground that they omit the element of defendants' negligence in stating the condition of liability under the complaint is not available, where other instructions clearly and definitely included the element of negligence and it conclusively appears from the jury's answers to interrogatories that defendants were not harmed by the giving of the instructions complained of. p. 656.

14. APPEAL.—*Review.*—*Instructions.*—Instructions should be considered as a whole, and if, thus considered, they state the law fairly and accurately, objections thereto are unavailable. p. 656.

From Delaware Superor Court; *Robert M. Van Atta,* Judge.

Action by Jacob Brumbaugh against The Rock Oil Company and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*William A. Thompson* and *Richard W. Sprague,* for appellants.

*George H. Koons* and *George H. Koons, Jr.,* for appellee.

FELT, J.—This suit was brought by appellee against appellants, The Rock Oil Company, Alva L. Kitselman, David M. Kitselman, Edwin Fay Kitselman, Carl M. Kitselman and John W. Smith, to recover damages for the burning of a dredge alleged to have been caused by the negligence of appellants. From a verdict and judgment in appellee's favor this appeal was prayed.

The errors assigned and relied on for reversal are that the court erred in (1) overruling appellants' joint and several motion to make the complaint more specific; (2) in overruling appellants' joint and several demurrer to the complaint; (3) in overruling appellants' joint and several

motion for judgment on the answers of the jury to the interrogatories, notwithstanding the general verdict; (4) in overruling the motion for a new trial.

The substance of the averments of the complaint, omitting averments about which there is no controversy, is as follows: The Rock Oil Company is a corporation and the other defendants are partners doing business under the firm name of Kitselman-Smith Oil Co. and were engaged in operating a large number of oil wells and storing the oil in tanks. On July 8, 1910, appellants had collected and stored large quantities of crude oil in tanks constructed by them, which tanks were insecurely and improperly hooped and liable to burst and let the oil escape therefrom. The oil so stored was highly inflammable, dangerous and liable to do mischief if it should escape from appellants' premises on which it was stored, all of which was well known to appellants, who took no precautions to prevent the same from so escaping, if any of the tanks should burst. Appellants did not place or maintain any walls, inclosures or barricades around said tanks to prevent the escape of the oil from their premises, well knowing the same was liable to escape and damage and destroy appellee's property. Appellants maintained a ditch from their oil field and premises on which their oil tanks were situated, which ditch connected with a certain tributary ditch which ran into and connected with a certain public ditch duly established in pursuance of law, which appellee was then and there engaged in constructing, by means of a dredging machine, in the neighborhood of, and about three-fourths of a mile from, and below, said oil tanks. By means of said drains appellants conveyed salt water and refuse or dead oil substance into the public ditch which appellee was so constructing. The dead or B.S. oil so conveyed was not highly inflammable or dangerous, and floated on the surface of the water in said main ditch and was not distinguishable in appearance from live and highly inflammable oil, which appellants suf-

fered to escape from their premises as herein alleged. Appellee's servants and agents in charge of and operating said dredging machine had no knowledge or notice and appellee had no knowledge or notice that the oil appellants allowed to escape into said ditch was live oil and highly inflammable, and did not then and there realize or appreciate the danger thereof, and did not discover or know that the same was live oil, or other than an accumulation of said dead or B.S. oil, which had been previously flowing into said ditch. On July 8, 1910, appellee was the owner of the dredge and was engaged in operating the same, in pursuance of a contract regularly entered into by him and the duly authorized drainage commissioner, all of which appellants then and there well knew. The dredge was operated by steam produced by the use of coal as fuel and on said day, while the machine was carefully and properly operated in dredging the ditch, appellants carelessly and negligently suffered and permitted one of said tanks containing live oil, which was so insecurely hooped and maintained as aforesaid, to burst by reason of not being securely hooped, and negligently and carelessly suffered and permitted large quantities of live, gaseous and highly inflammable oil to escape from their premises and to flow through the ditches into the public ditch where appellee was using the dredge and to accumulate on the surface of the water around the dredge, well knowing the same would endanger appellee's dredge and property and was liable to be ignited and burn and destroy the property, all without giving appellee or his agents or employes in charge of the dredge any notice of the inflammable character of the oil. The oil became ignited from a spark, or hot cinders, or coals of fire, or hot substance of some kind, accidentally falling upon or into the oil from the furnace used in operating the dredge, which was then and there necessarily fired and operated in a careful and proper manner at the usual and proper time in the necessary operation of the dredge. The dredge was thereby

burned and destroyed, without any fault or negligence on the part of appellee or any of his employes or servants in charge of and operating the same, to appellee's damage in the sum of $6,000. All of which loss and damage was directly and proximately caused by the negligent failure of appellants to keep their tanks aforesaid containing live oil, properly hooped so as to prevent their bursting and to prevent the escape of live oil from appellants' premises through said ditches into the public ditch where appellee was operating said dredge and by the negligent failure of appellants to surround said tanks with walls or barricades to prevent the escape of live oil from their premises and thereby flow into the public ditch aforesaid.

The appellants moved the court to require appellee to make his complaint more specific in numerous matters of description and detail, viz., to set out, more particularly the alleged negligence in permitting the oil to escape, in what respect they were negligent in the construction and maintenance of their oil tanks; to describe more particularly the nature and character of the dead, or B.S. oil, and of the live oil mentioned in the complaint; to describe more particularly where and how the oil floating on the water around the dredge took fire. Most of the details called for were peculiarly within the knowledge of appellants who were in no way deprived of any right by the overruling of the motion. On the facts of this case, the motion presented a question within the discretion of the trial court and no reversible error was committed by the ruling thereon. *Terre Haute Brew. Co.* v. *Ward* (1914), 56 Ind. App. 155, 102 N. E. 395, 105 N. E. 58; *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142, 100 N. E. 465; *Kinmore* v. *Cresse* (1913), 53 Ind. App. 693, 696, 102 N. E. 403; *Knickerbocker Ice Co.* v. *Gray* (1908), 171 Ind. 395, 401, 84 N. E. 341.

Appellants assert the insufficiency of the complaint on the ground that the allegations as to the defective hoops

on the tanks are not statements of fact but mere conclusions of the pleader; that the complaint shows no duty on the part of appellants to surround their oil tanks with walls or barriers to prevent the escape of the oil, and there is no averment that it was practicable so to do; that the complaint fails to show that the alleged negligence was the proximate cause of the injury complained of; that the complaint shows that the fire which destroyed the dredge was caused by a responsible intervening agent for which appellants were in no way responsible. The complaint

2. charges in substance that the tanks containing the live oil were constructed by appellants and were insecurely and improperly hooped. These are statements of ultimate facts susceptible of proof and are not mere conclusions of the pleader. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 404, 97 N. E. 822; *Morgantown Mfg. Co.* v. *Hicks* (1910), 46 Ind. App. 623, 627, 92 N. E. 199; *Dieckman* v. *Louisville, etc., Traction Co.* (1910), 46 Ind. App. 11, 19, 89 N. E. 909, 91 N. E. 179; *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 496, 77 N. E. 945.

The complaint attempts to state in one paragraph two independent acts or omissions of appellants which caused the destruction of appellee's dredge, one the negli-

3. gent failure to confine the live oil on appellants' premises and to erect walls or barriers around the tanks to confine the oil in case one should burst, and the other, the use of improper and insufficient hoops in the construction and maintenance of the tanks in which the live oil was stored. Such independent acts or omissions may be so alleged and if the averments show any one of them to have been the proximate cause of the alleged injury, the pleading will withstand a demurrer for insufficiency of facts to state a cause of action. *Merica* v. *Fort Wayne, etc., Traction Co.* (1912), 49 Ind. App. 288, 293, 97 N. E. 192.

The complaint does not allege that appellants owed ap-

pellee the duty of. keeping the live oil securely confined in receptacles on their premises. But the existence of a duty depends upon the facts alleged and the law will imply the existence of a duty where the facts pleaded warrant such inference. *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, 89, 83 N. E. 632.

In this State we have a statute (§9062 Burns 1914, Acts 1913 p. 66) which requires oil and gas produced from wells to be safely and securely confined in wells, pipes or other safe and proper receptacles. The complaint shows the relative location of the oil tanks, the ditches and the dredge and it is alleged that appellants negligently took no precautions to confine the live oil on their premises and negligently failed to erect and maintain any walls or barriers around the tanks, so insecurely hooped, well knowing they were liable to burst and that the oil might escape and damage appellee's property. The statute does not mention walls or barriers, but there is enough in the complaint to bring it within the purview of the statute, the object of which is to require persons producing live oil from wells to confine it securely and safely in receptacles on their premises so as to prevent its escape. *Southern R. Co.* v. *Howerton* (1914), 182 Ind. 208, 105 N. E. 1025, 106 N. E. 369. The statute is penal and was enacted for the protection of the general public. The averments show that appellee was so situated as to be entitled to the benefit of its provisions. By virtue of this statute, it was the duty of appellants to confine the live oil in suitable receptacles on their premises so as to prevent its escape. Considering the facts alleged in the light of this statute, they compel the inference that appellants owed appellee the duty of confining their live oil on their premises. They also show a violation of that duty resulting in damage to appellee. *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1915), 57 Ind. App. 644, 104 N. E. 866, 106 N. E. 739, and cases cited.

In our view, the objection that the complaint is insuffi-

cient on the theory of failure to confine the oil on appellants' premises because it does not specifically charge that it was practicable to so confine the oil, is untenable. Counsel rely on the holdings under the statute requiring dangerous machinery to be guarded. The reason of the rule announced is that in many instances it is impossible to guard machinery without practically destroying the machines for the purpose they are intended to subserve. In every instance it is possible to confine oil securely in receptacles that will prevent its escape without interfering with its production or the use to be made of it. Where the reason of a rule fails, the rule has no application. But if it were essential to show that it was possible and practicable to confine the live oil and prevent its escape, we think under the decisions which bring to the aid of a pleading all reasonable inferences that may be drawn from the facts averred, we are authorized to draw such inference from the facts alleged in the complaint under consideration. The ditches were constructed and used to carry off the B.S. or dead and refuse oil and the salt water from the oil field, but such use could be made of them, and in fact as shown by the complaint, was made of them, generally, without in any way interfering with the keeping of the live oil in receptacles that would prevent its escape from the premises to the damage of other persons. *Domestic Block Coal Co. v. DeArmey* (1913), 179 Ind. 592, 601, 100 N. E. 675, 102 N. E. 99.

It is also stated that if the complaint be otherwise sufficient on the theory of negligence in using improper and insecure hoops on the tanks or in failing to confine the oil on appellants' premises, it is bad because it fails to show that either of the alleged acts of negligence was the proximate cause of the fire which destroyed appellee's dredge, and for the further reason that the averments show the fire was caused by a responsible intervening agent for which appellants were in no way responsible. The

complaint shows that appellants constructed and maintained a ditch from their oil tanks which connected with another drain which emptied into the public ditch in which appellee was operating his dredge below the tanks and that the dead, or B.S. oil, had previously flowed through said ditches and accumulated around the dredge and was not highly inflammable, but was similar in smell and appearance to live and inflammable oil; that the dredge was operated by steam produced by fire in which coal was used for fuel, all of which was known to appellants; that appellants negligently allowed the live, crude, petroleum oil to escape from their tanks and premises and to flow down through said ditches to appellee's dredge well knowing the same was liable to be ignited and damage appellee's property and negligently failed to warn appellee or his servants in charge of his dredge, that the oil from the tanks had escaped and was different from that which had previously flowed down and around the dredge and was live and inflammable oil; that the live oil accumulated around the dredge without appellee or his servants knowing that it was other than the dead or B.S. oil and was accidentally ignited by fire from the dredge which was being properly operated in the usual manner.

The proximate cause of an injury is not necessarily that which is nearest in point of time or position to the injurious result produced, but it is the act, omission or thing 8. which causes, or fails to prevent, an injury that might reasonably have been anticipated would result from the negligent act or omission charged, and without which such injury would not have occurred. The test is to be found in the injurious consequences that might reasonably be anticipated, and not in the number of subsequent events or agencies that might intervene or concur in bringing about such consequences. The particular or actual consequences need not be anticipated. *Cincinnati, etc., R. Co.* v. *Armuth* (1913), 180 Ind. 673, 677, 103 N. E. 738, and cases cited.

The principle embodied in the maxim, *Sic utere tuo*

*ut alienum non laedas,*—"So use thine own that another you may not injure"—is recognized and enforced in this State as a rule of property. *Niagara Oil Co. v. Jackson* (1911), 48 Ind. App. 238, 241, 91 N. E. 825; *Fort Wayne Cooperage Co.* v. *Page* (1908), 170 Ind. 585, 589, 84 N. E. 145, 23 L. R. A. (N. S.) 946; *Island Coal Co.* v. *Clemmitt* (1897), 19 Ind. App. 21, 49 N. E. 38. One is entitled to the reasonable use of his property even if such use incidentally injures the property of his neighbor, but liability for an injury arises when it is caused by such unreasonable use of one's property as might have been anticipated to result in damage to the person or property of others in the vicinity. Both our courts of last resort have approved the rule declared in the case of *Fletcher* v. *Rylands* (1866), L. R. 1 Exch. *265, *278, to the effect that the person who for his own purposes brings on his lands and collects and keeps there anything likely to cause injury and damage to the property of others if it escapes, must keep it at his peril, and if he fails to do so, is *prima facie* answerable for all the damage which is the natural consequence of its escape. *Niagara Oil Co.* v. *Jackson, supra,* and cases cited; *Niagara Oil Co.* v. *Ogle* (1912), 177 Ind. 292, 296, 297, 98 N. E. 60, Ann. Cas. 1914 D 67, 42 L. R. A. (N. S.) 714, and cases cited; *Ohio Oil Co.* v. *Westfall* (1909), 43 Ind. App. 661, 663, 88 N. E. 354.

The averments of the complaint are to be construed in the light of the statute requiring oil and gas to be securely confined in suitable receptacles, and in the light of the law as declared by our courts of last resort on questions analogous to those presented by the pleading. When so considered, the alleged negligent acts and omissions of appellants are shown to have been the proximate cause of appellee's alleged loss of property.

We have yet to consider the further question of a responsible intervening agency. The complaint alleges that appellee was operating the dredge in a public ditch below

the oil tanks in plain view of appellants and had been so operating since May 12, prior to the fire on July 8; that appellee was using coal for fuel to produce steam, all of which was known to appellants; that in the necessary and proper operation of the dredge fire was accidentally brought in contact with the live or pretroleum oil, the presence of which was unknown to appellee and his employes; that the oil was thereby ignited and the dredge destroyed by fire. This court in *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822, in an opinion by Lairy, J., gave extended consideration to the question of an intervening responsible agency, and on page 403 said: "If, under the circumstances, the intervention of such an agency in the manner stated might reasonably have been expected in the usual course of events and according to common experience, then the chain of causation, extending from the original, wrongful act to the injury, is not broken by the independent, intervening agency, and the original wrongful act will be treated as a proximate cause." We adopt this language as applicable to the complaint under consideration. Considering the averments as to the presence and character of the dead or B.S. oil, the live and inflammable oil, the escape of the latter into the ditch through which it would naturally pass to the public ditch on which the dredge was operated by steam and the knowledge thereof on the part of appellants, we hold that the firing of the oil under the circumstances alleged was not an independent agency beyond appellants' control which could not reasonably have been anticipated, but that it was an occurrence that should reasonably have been expected in the usual course of events and according to common experience in handling such oil, and, therefore, that it did not break the chain of causation extending from the original wrongful acts and omissions of appellants alleged in the complaint and therein shown to have been the proximate cause of the alleged injury.

The complaint proceeds on the theory of negligence. There is authority for holding that the alleged acts and omissions constitute a cause of action independent of the element of negligence, but inasmuch as the complaint was drawn, and the case tried, on the theory of negligence, we do not decide the question of the sufficiency of the facts alleged to state a cause of action independent of the allega-tions of negligence. The complaint states a cause of action both for the alleged negligent acts and the alleged negligent omissions of appellants. *Niagara Oil Co.* v. *Jackson, supra; Niagara Oil Co.* v. *Ogle, supra; Ohio Oil Co.* v. *Westfall, supra; Brennan Constr. Co.* v. *Cumberland* (1907), 29 App. Cas. (D. C.) 554, 15 L. R. A. (N. S.) 535, 10 Ann. Cas. 865; *Gilson* v. *Delaware, etc., Canal Co.* (1892), 65 Vt. 213, 26 Atl. 70, 36 Am. St. 802; *Cahill* v. *Eastman* (1872), 18 Minn. 324, 10 Am. Rep. 184; *Pfeiffer* v. *Brown* (1895), 165 Pa. St. 267, 30 Atl. 844, 44 Am. St. 660; *City of Lebanon* v. *Twiford* (1895), 13 Ind. App. 384, 388, 41 N. E. 844; *Lake Shore, etc., R. Co.* v. *Chicago, etc., R. Co.* (1911), 48 Ind. App. 584, 92 N. E. 989, 95 N. E. 596; *Knapheide* v. *Eastman* (1874), 20 Minn. 478; *Berger* v. *Minneapolis Gas Light Co.* (1895), 60 Minn. 296, 301, 62 N. W. 336; *Williamson* v. *Yingling* (1881), 80 Ind. 379; *Bowling Coal Co.* v. *Ruffner* (1906), 117 Tenn. 180, 100 S. W. 116, 10 Ann. Cas. 581, 9 L. R. A. (N. S.) 923; *Hindson* v. *Markle* (1895), 171 Pa. St. 138, 33 Atl. 74; *Straight* v. *Hover* (1909), 79 Ohio St. 263, 277, 87 N. E. 174, 22 L. R. A. (N. S.) 276; *Salem Iron Co.* v. *Hyland* (1906), 74 Ohio St. 160, 77 N. E. 751; *Drake* v. *Lady Ensly Coal, etc., R. Co.* (1893), 102 Ala. 501, 14 South. 749, 48 Am. St. 77, 24 L. R. A. 64; *Beach* v. *Sterling Iron, etc., Co.* (1895), 54 N. J. Eq. 65, 33 Atl. 286.

The court submitted 373 interrogatories which were answered by the jury. The answers generally support the allegations of the complaint and are not in irreconcilable conflict with the general verdict. One of the principal contentions of appellants is based on the

answer of the jury to a question asking if appellants or any of their employes knew the dredge was below the point where the skiff ditch emptied into the public ditch, to which the jury answered "No evidence to show that they did." The jury by other answers found that the dredge was about 600 feet below the point where the ditch emptied the oil into the public ditch on which the dredge was operated and that the dredge was and for a long time prior to the day of the fire, had been in plain view from the oil tanks and vicinity and that appellants' servants were so situated as to be able to see the dredge and hear it when in operation; that it had been operated day and night for some time prior to the fire; that the oil tank burst between 11 and 12 o'clock on July 8, 1910, and the fire occurred at about 6:15 p.m. of that day just after the night shift of hands had taken charge of the dredge; that appellants' servants were at the tanks soon after the hoops gave way. The findings relied on do not support appellants' contention as against the general verdict and when considered in connection with the other answers are wholly insufficient to overcome it.

Both upon the answers to the interrogatories and the motion for a new trial appellants contend that contributory negligence is conclusively established. The argument 12. is based mainly upon the proposition that appellee's servants were bound to know that the oil around the dredge was live, crude petroleum and highly inflammable and that they had such knowledge before the oil was ignited; that there was no obligation on appellants to notify them of such facts because all persons are presumed to know the nature and character of such oil; that the evidence shows appellee's employes had notice of the danger before the fire occurred. The complaint proceeds on the theory that the dead, or B.S. oil, had been around the dredge before the day of the fire and was not inflammable or dangerous, but had the smell and general appearance of live oil when on the water, and that these facts were known to appellee and

his employes operating the dredge. There is evidence tending to prove these allegations. The complaint also proceeds on the theory that appellants, in view of this situation, should have notified appellee of the escape of the live oil. The contention that every one is bound to know the inflammable nature of live petroleum does not meet the situation. There was testimony tending to prove that the presence of the dead oil around the dredge did not endanger appellee's property, and as appellants must have known that the live, inflammable oil would likely reach the dredge operated by steam, it was their duty to take every precaution to avert the danger incident to the presence of the inflammable oil around the dredge, and this duty could best be discharged by timely notice, not of the general nature and character of crude petroleum oil, but of the kind of oil that was then about to come in contact with the dredge. The men in charge of the dredge testified, and the jury found, that they had no notice or knowledge that the oil around the dredge was live, inflammable oil until it took fire. As to actual notice, there was some testimony that some one suggested to one of the hands—a "roustabout"—on the dredge some hours before the fire that the oil might take fire and that the man replied that it was dead oil and would not burn. The evidence was disputed on some points and in view of the general verdict and other answers to interrogatories is wholly insufficient to conclusively establish contributory negligence. The evidence shows that the jury found that the fireman in cleaning out the cinders started to throw a shovel full of apparently dead cinders toward the bank of the ditch and another workman called to him not to throw it for there might be danger; that he did not throw it, but in drawing it back a small portion fell into the oil and ignited it. The man who gave the warning testified he did not know of any danger or of the presence of live oil at the time and had not thought of it until he saw the fireman about to throw the cinders out and

that it then occurred to him that there might be danger and he immediately called to the fireman. The fireman testified and the jury found that he did not know of the presence of the live oil or of any danger therefrom before the fire started from cinders falling into the ditch. The jury expressly found that the fire was caused by cinders or other hot substance accidently falling into the ditch from the dredge. There is evidence to support the material allegations of the complaint. The question of contributory negligence was rightly submitted to the jury and we are not warranted on the showing made either by the answers to interrogatories or the evidence to disturb the finding..

Objection is also made to some of the instructions on the ground that they omit the element of appellants' negligence in stating the conditions of liability under the complaint. Conceding that some of the instructions are subject to this criticism, others clearly and definitely included the element of negligence. Furthermore, the answers to the interrogatories cover all the details of the case and show conclusively that the jury found that appellants were negligent in each of the respects alleged in the complaint. The record, therefore, shows that the verdict of the jury was based on a finding that appellants were guilty of negligence both in the doing and in the omission of the acts and things alleged in the complaint. Therefore appellants were not harmed by the giving of the instructions of which complaint is made. Instructions should be considered as a whole. When so considered the instructions in this case fairly and accurately state the law applicable to the case.

The case seems to have been fairly tried on the merits and a correct result reached. There is no intervening error which will warrant a reversal. §§407, 700 Burns 1914, §§398, 658 R. S. 1881. Judgment affirmed.

Hottel, C. J., Caldwell, P. J., Ibach, Moran and Shea, JJ., concur.

Note.—Reported in 108 N. E. 260. Proximate and remote causes of injury from negligence, see 50 Am. Rep. 569; 36 Am. St. 807. Liability of one keeping oil on his lands for injury resulting from its escape, see 10 Ann. Cas. 868; Ann. Cas. 1914 D 70. See, also, under (1) 31 Cyc. 670; (2) 31 Cyc. 49; (3) 29 Cyc. 569; (4) 29 Cyc. 567; (5) 29 Cyc. 568; (6) 29 Cyc. 565; (7) 29 Cyc. 572; (8) 29 Cyc. 488, 493, 496; (9) 29 Cyc. 459; (10) 29 Cyc. 501; (11) 29 Cyc. 658; (12) 29 Cyc. 659; (13) 38 Cyc. 1785; (14) 38 Cyc. 1778.