King-Crowther Corporation v. Ashcraft.

[No. 8,782.  Filed January 7, 1916.]

1.  Nuisance.—Complaint.—Notice.—Demand.—A complaint which, when considered as a whole, clearly proceeded on the theory that defendant by the acts complained of knowingly created a nuisance on plaintiff's land to her damage, and contained all the averments necessary to make it sufficient on that theory, was not objectionable for failure to aver notice or demand for the abatement of the nuisance, or because some of the averments tended to obscure rather than elucidate its theory.  p. 413.

2.  Nuisance.—Action.—Necessity for Notice or Demand for Abatement.—Where a nuisance was created by defendant in collecting oil and salt water from its wells and emptying same on plaintiff's land, no notice or demand on it for abatement of the nuisance was necessary as a condition precedent to an action for damages.  p. 414.

3.  Appeal.—Record.—Bill of Exceptions.—Questions Reviewable.— Under §661 Burns 1914, Acts 1911 p. 193, application for reëxtension of the time for filing a bill of exceptions shall be made on the day prior to the day the time first given expires, and there is no other authority by which a reëxtension of time beyond the term may be granted; hence an application made on the day on which the time first given expired came too late, and though granted, did

not operate to make the bill of exceptions thereafter filed a part of the record, and consequently no question arising on the evidence was presented.   p. 415.

From Randolph Circuit Court; *James S. Engle*, Judge.

Action by Hettie C. Ashcraft against the King Crowther Corporation. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Orr & Orr*, for appellant.

*W. A. Thompson* and *R. W. Sprague*, for appellee.

HOTTEL, J.—This is an appeal from a judgment of $500 recovered by appellee against appellant in an action brought by appellee for damages to her real estate which she alleged was caused by salt water and other deleterious refuse from oil wells which appellant and others permitted and caused to flow and collect over and upon said real estate.   The errors assigned in this court and relied on for reversal challenge the action of the trial court in overruling the demurrer to the complaint and in overruling the motion for new trial.

It is claimed by appellant in effect that the complaint proceeds on no definite theory; that some of its averments would indicate that the pleader

1. was attempting to charge appellant and others with negligently doing and permitting acts which resulted in the injury to her real estate while other averments indicate that the pleader proceeded on "the theory that defendants were liable because the acts complained of constituted a private nuisance"; that judged upon either theory the complaint is insufficient; that it is insufficient on the theory of negligence because it contains no averment that plaintiff was free from negligence contributing to the damage alleged to have been suffered to her land, and also for failure to show that ap-

pellee could not have protected her property by the exercise of ordinary care; that it is insufficient on the theory of maintaining a nuisance, because it shows that such nuisance was not originally created, but only continued, by appellant, and fails to aver any notice or demand upon appellant to abate the same. It may be true that some of the averments of the complaint tend to obscure rather than elucidate its theory, but when read in its entirety we think it clear that it proceeds on the theory that appellant and others by the acts complained of knowingly created a nuisance on appellee's land to her damage. The complaint contains all the averments necessary to make it sufficient on such theory. Where a party creates or causes a nuisance to the injury of another, a notice or demand to abate such nuisance is not necessary to entitle the injured party to bring his action for damages. *City of Valparaiso* v. *Bozarth* (1899), 153 Ind. 536, 538, 55 N. E. 439, 47 L. R. A. 487, and cases cited.

The nuisance complained of in this case was not in maintaining the gas or oil wells, but in collecting the oil and salt water from such wells and emptying the same upon the lands of appellee to her damage. This was done by appellant after it became the owner of the oil leases involved and hence after that time it created and caused the nuisance complained of and, under the cases, *supra*, no notice or demand on it to abate such nuisance was necessary.

The other objections to the complaint are fully disposed of by the case of *Niagara Oil Co.* v. *Jackson* (1911), 48 Ind. App. 238, 91 N. E. 825, where a very similar complaint was considered and held sufficient against the same or similar objections. See, also, *Niagara Oil Co.* v. *Ogle* (1912), 177 Ind. 292, 294, 98 N. E. 60, 42 L. R. A. (N. S.) 714,

Ann. Cas. 1914 D 67; *Ohio Oil Co.* v. *Westfall* (1909), 43 Ind. App. 661, 663, 88 N. E. 354; *Muncie Pulp Co.* v. *Martin* (1899), 23 Ind. App. 558, 560, 55 N. E. 796; *Rock Oil Co.* v. *Brumbaugh* (1915), 59 Ind. App. 640, 108 N. E. 260. No error was committed by the trial court in its ruling on the demurrer to the complaint.

A consideration of the questions raised by appellant's motion for a new trial would require an examination and consideration of the evidence.

3. The bill of exceptions containing the evidence is not properly in the record. The record shows that appellant's motion for new trial was overruled on October 18, 1912, and appellant was given sixty days in which to file all bills of exceptions. The record further shows that on December 17, 1912 (being the last day of the time first given), appellant filed its bill of exceptions number one, and on the same day filed and presented its unverified petition for sixty days' extension of time within which to prepare and file its bill of exceptions containing the evidence. Such request was accompanied by a proper affidavit of the court reporter, showing that the transcript could not be completed in the time first given and that *sixty* days additional would be necessary to complete the same. Immediately following such affidavit there is an unsigned entry as follows: "Ordered that time for filing bill of exceptions be extended for *80* days from this date." On March 7, 1913, and within said *eighty* days, appellant filed its bill of exceptions containing the evidence. Section 661 Burns 1914, Acts 1911 p. 193 furnishes the only authority under which a reëxtension of time beyond the term may be granted. Its provisions were not complied with in this case. It provides, among other things, that application for reëxtension of time shall

be made on the day prior to the day the time first given expires. The time "first given" expired on December 17, 1912, and as the record shows that the request for reëxtension of time was not made until that day it was not in time. *English* v. *English* (1915), 182 Ind. 675, 107 N. E. 547. The failure to comply with such provision of the statute is alone sufficient to render the order granting such reëxtension without force. It follows that the bill of exceptions containing the evidence is not in the record and hence no question depending on the evidence can be considered. There being no available error presented by the record the judgment below is affirmed.

Caldwell, J., not participating.

NOTE.—Reported in 110 N. E. 998. As to liability for nuisance, see 118 Am. St. 872. As to the liability of a mine or well owner for injury caused by water, oil, or the like, flowing onto adjoining land, see Ann. Cas. 1914 D 70. See, also, under (1) 29 Cyc 1263; (2) 29 Cyc 1255; (3) 3 Cyc 1916 Ann. 46.